SARAH M. HOFFMAN, Respondent, *v.* ABNER A. ARMSTRONG, Appellant.

A person upon whose lands a tree wholly stands is the owner of the whole thereof, and is entitled to all its fruit, notwithstanding some of its branches overhang the lands of another.

(Argued September 21st, 1871; decided January term, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the seventh judicial district, affirming a judgment for the plaintiff entered on a verdict. The action is for assault and battery. (Reported below, 46 Barb., 337.)

The facts are these : Dr. Hoffman and the defendant were the owners of adjoining lands, separated by a line fence. There was a cherry tree standing upon the land of Dr. Hoffman with limbs overhanging the land of the defendant. The plaintiff, who was a sister of Dr. Hoffman, and lived with him, went upon the line fence and undertook to pick cherries from a limb of the tree which overhung the defendant's land. He forbid her, and on her still persisting, the defendant attempted to prevent her by force and did her a personal injury.

The court held, and so charged the jury, that " every person upon whose lands a tree stands owns the whole of that tree, notwithstanding portions of it may overhang the lands of another; and in this case, as it is conceded that the body or trunk of the tree was wholly upon the land of Dr. Hoffman, he was entitled to all the fruit growing thereon, and hence, if the defendant attempted to prevent the plaintiff from picking such fruit by violence he was a wrong-doer, and this action lies against him. If he touched her at all, with the intention of preventing her from picking the cherries while she was standing on the premises or fence of Dr. Hoffman, although they were upon the limbs overhanging his yard, then this action lies against him, and your verdict should be for the plaintiff."

The defendant excepted to the several legal propositions

contained in the charge, and requested the judge substantially to charge that the limbs of the tree overhanging the land of the defendant belonged to him, that he was entitled to the fruit thereon, and that he had the right to prevent the plaintiff from picking it by the application of all necessary force, if she refused to desist after being requested to do so. This was refused and exceptions were taken to such refusals.

*Amasa J. Parker* for the appellant. The defendant was the owner of the fruit which was growing on the branches of the tree, and which overhung his land. He owned everything above as well as everything below his land. (2 Bl., 18; 3 Kent's Com., 401, § 52; Broom's Legal Maxims, 289, 292, 382, ed. 68; *Norris* v. *Baker*, 1 Rol. Rep., 393; *Lodie* v. *Arnold*, 2 Salk., 458; 3 Stephens Com., 500; *Holden* v. *Coats*, 1 Moody & Malkin, 112; *Waterman* v. *Soper*, 1 Ld. Raymond, 737; *Griffin* v. *Bixby*, 12 N. H., 454; *Lyman* v. *Hale*, 11 Conn., 177; *Masters* v. *Pollie*, 2 Rol. R., 141; Crabbe on Real Property, § 96; 2 Bouvier's Inst., 158, 1570, 1576). Being such owner he was authorized to protect it. (38 Vt., 117.)

*H. V. Howland* for the respondent. The cherry tree with its fruit was the property of Dr. Hoffman. Plaintiff was not a trespasser, therefore. (34 Barb. R., 547; *Masters* v. *Pollie*, 2 Rol. Rep., 141, 255; *Soper* v. *Waterman*, 1 Lord Raym., 737; 1 Moodie & Malkin, 112; 7 vol. Kinne's Law Comp., 252; 12 N. H., 457; 11 Conn. R., 177; 1 Hilliard on Real Property, 10; 9 Barb. R., 655; 25 N. Y. R., 123.)

LOTT, Ch. C. The only material question presented in this case is, whether the owner of land overhung by the branches of a fruit tree standing wholly on the land of an adjoining owner is entitled to the fruit growing thereon.

The defendant claims that the ownership of land includes everything above the surface, and bases his claim on the maxim of the law " *Cujus est solum ejus est usque ad cœlum,*"

and that consequently he was the owner of the overhanging branches and the fruit thereon. The general rule unquestionably is, that land hath in its legal signification an indefinite extent upward, including everything terrestrial, not only the ground or soil, but everything which is attached to the earth, whether by the course of nature as trees, herbage and water, or by the hands of man as houses and other buildings. (See Co. Litt., 4 a; 2 Black. Com., 18; 3 Kent's Com., p. 401; 2 Bouvier's Ins. § 1570).

This rule, while it entitles the owner of the land to the right to it, and to the exclusive use and enjoyment of all the space above it, and to erect any superstructure thereon that he may see fit—and no one can lawfully obstruct it to his prejudice—yet if an adjoining owner should build his house so as to overhang it, such an encroachment would not give the owner of the land the legal title to the part so overhanging. It would be a violation of his right, for which the law would afford an adequate remedy, but would not give him an ownership or right to the possession thereof. (See *Aiken* v. *Benedict*, 39 Barb., 400.)

Although different opinions have been held as to the rights of owners of adjoining land in trees planted, the bodies of which are wholly upon that of one, while the roots extend and grow into that of the other and derive nourishment therefrom, it was considered by Allen, J., in giving the opinion of the court in *Dubois* v. *Beaver* (25 N. Y. Rep., 123, etc.), that the tree is wholly the property of him upon whose land the trunk stands. This principle is sustained in *Masters* v. *Pollie* (2 Rol. Rep., 141), *Holder* v. *Coates* (1 Moody & Malkin, 112), 22 E. C. L. R., 264.

The ground or reason assigned in those cases for holding that the owner of land on which no part of a tree stands, but into which the roots extend, has any interest, is that the tree derives its nourishment from both estates, and not the ground or maxim on which the defendant's claim is based.

We have not been referred to any case showing that where no part of a tree stood on the land of a party, and it did not

receive any nourishment therefrom, that he had any right therein, and it is laid down in Bouvier's Institutes (section 1573) that if the branches of a tree only overshadow the adjoining land, and the roots do not enter into it, the tree wholly belongs to the estate where the roots grow. (See also *Masters* v. *Pollie*, 2 Rol. Rep., 141; *Waterman* v. *Soper*, 1 Ld. Raymond, 737.)

The rule or maxim giving the right of ownership to everything above the surface to the owner of the soil has full effect without extending it to anything entirely disconnected with or detached from the soil itself.

It follows, from the views above expressed, that the ruling of the judge at the Circuit was right, and the judgment appealed from must be affirmed, with costs.

All concur.

Judgment affirmed.