STELLA WEGENER, RESPONDENT, v. JOHN SUGARMAN, APPELLANT.

Submitted May 13, 1927—Decided October 4, 1927.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellant, *Alexander Seclow*.

The opinion of the court was delivered by

PARKER, J. The suit was substantially in trespass *quare clausum fregit*. The state of demand alleged that plaintiff and defendant were adjoining landowners, and that defendant began the construction of a building on his land, and "while constructing said building, willfully and maliciously caused the concrete, hedges and property of the plaintiff to be broken and damaged, as a direct and proximate result of the careless and negligent manner in which said construction was being maintained and carried on."

There was a dispute of fact as to the location of the property line, which we must take as settled by the jury in favor of the plaintiff on the conflicting evidence. Plaintiff had a verdict and judgment for $300.

The appeal is submitted on briefs, and a number of points are made for appellant; we have received a belated brief for respondent, which has not been considered.

The first point is that the verdict was taken, illegally as claimed, by the deputy clerk, and appellant relies on chapter 156 of *Pamph. L.* 1923, *p.* 332, an amendment of the supplement of 1911 (*Pamph. L., p.* 241), and which prescribes certain duties for the deputy clerk, not mentioning the taking of a verdict by direction of the judge and in his absence. But appellant seems to have overlooked the act of 1903 (*Pamph. L., p.* 640; *Comp. Stat., p.* 1956) which gives the deputy clerk all the powers of the clerk in the absence of the latter, and in this aspect seems in no way inconsistent with the acts of 1911 and 1923. We see no error in the reception of the verdict.

2. The next point is that there should have been a nonsuit or a directed verdict for defendant as "there was no sufficient proof of defendant's liability." The evidence was that defendant employed a contractor with a steam shovel to do

his excavating and personally supervised the work, even to the extent of laying down the line to which the contractor should work, and which included the plaintiff's hedge, which was consequently dug up and destroyed. This, of itself, would carry the case to the jury (*Topf* v. *West Shore, &c., Co.*, 46 *N. J. L.* 34) ; and there was' evidence in addition of injury to the roof and concrete walk.

3. The point that there was no legal proof that the hedge was on plaintiff's land resolves itself into a mere question of weight of evidence, which is not before us on this appeal.

4. As to the point in the brief that "the evidence as to damage was improperly admitted," counsel does not indicate in the brief what evidence is challenged. Only three of the specifications on appeal touch on this point. The testimony was that the roof was so badly damaged that a new roof would be cheaper than repairing it; and the cost of such new roof was admitted. If the cost of repairing was generally competent, and our Court of Errors and Appeals has said that it is competent (*Newman* v. *Pasternack*, 103 *N. J. L.* 434), the fact that the roof was old and worth less than the cost of repair does not make such cost incompetent as evidence.

5. A second point on evidence was that a witness for plaintiff was allowed to testify to the fair market value of the hedge destroyed. We are unable to see why this is challenged, unless on the ground that there was no evidence that plaintiff intended to replace the hedge; but that is no affair of the defendant.

What has been said above disposes of the points that the court erred in refusing to direct a verdict and in charging that if the tortious acts were committed under the direction of defendant he could be held liable though he did not commit the acts himself.

6. A photograph of the hedge was admitted in evidence over objection that it was taken at too remote a time, viz., five or six years before. But plaintiff testified that "the hedges at the time they were destroyed were exactly as shown in the picture, I having always maintained them in about the

same condition as shown in the picture." The hedge was of California privet, and normally would be clipped or trimmed at regular intervals, and so would look substantially at the same from year to year. In view of the evidence set out above, we think there was no error in admitting the photograph, particularly as the hedge had been destroyed.

7. Lastly, it is urged that the court erred in charging the jury as follows:

"That if the jury should find from the facts that the hedges were the property of the plaintiff and had been planted by her, and that at the time of their destruction that the said hedges were growing over the adjoining property, that before destroying the said hedges, the defendant was obliged to give the plaintiff notice of that condition and afford her a reasonable opportunity within which to remove the said hedges from the adjoining land, and that at the expiration of the time fixed in the said notice if the defendant undertook to remove them he would be obligated to do so with the slightest damage that was possible under the circumstances.

"The defendant objected to the above instruction on the ground that no notice was required under the law if the hedges were growing over the adjoining property."

This instruction was, if anything, too favorable to the defendant. We take it that the rule applied to trees will apply also to bushes and hedges, viz., that if branches of a plant on the land of A overhang the land of B, then B may lop off the branches to the property line but may not further go. 1 C. J. 1233; 1 R. C. L. 401, § 40. The argument for appellant proceeds on the theory that B is not required to give any notice of such cutting, and without deciding the point it may be conceded for present purposes that this is so. But the present case is not one of lopping branches to the line; on the contrary, it is one of total destruction of the hedge, the bulk of which was on the plaintiff's land; something that was quite beyond the legal rights of defendant, notice or no notice; so that the charge was manifestly in no way injurious to him.

This covers all the points raised on the appeal. The judgment will be affirmed.