AGNES COLOMBE, Plaintiff, *v.* CITY OF NIAGARA FALLS, NEW YORK, Defendant.

Supreme Court, Niagara County, April 21, 1937.

*George E. Carrie,* for the plaintiff.

*J. William O'Brien, Corporation Counsel [John F. McNulty, Deputy Corporation Counsel],* for the defendant.

NOONAN (THOMAS H.), Official Referee. In this action the plaintiff is asking that the defendant be ordered to remove a shade tree growing in the city street in front of her property, and also, incident-

ally, to pay her for repairs to her sewer which, it is claimed, were made necessary because the roots of the tree grew into and stopped up the sewer from the house to the sewer in the center of the street.

When the action was reached for trial before Justice FRANK A. JAMES he referred it to me, an official referee of the Supreme Court, to hear and determine, and it was tried on March 5, 1937, at Niagara Falls, N. Y.

There is no real dispute as to the facts. The defendant owns the fee to Fifteenth street, which runs approximately north and south, and is sixty feet wide, with a thirty-foot pavement in the center, leaving fifteen feet from the west curb to the east line of plaintiff's property, which she has owned since April 2, 1920. The lot is thirty-three and one-third feet by one hundred and twenty feet, with a house. The driveway is south of the house.

The tree that is alleged to have caused the trouble is one of a line of shade trees there before the plaintiff acquired the property and wholly within the street limits. It is twenty inches north of the south line of the house, and has been trimmed so that it will not interfere with vehicles entering the premises of the plaintiff.

The sewer was stopped up about midway between the curb and the east line of the plaintiff's property, and the plumber who made the repairs said that tree roots were the cause of the trouble. The old sewer was made of tile with unsealed joints that were easily penetrated by tree roots. It was replaced at the point of the repairs by an iron pipe sewer with sealed joints at a cost of $152.88, which the plaintiff is trying to recover from the defendant on the theory, as I understand it, that the tree by reason of its location adjacent to the driveway and sewer, was a continuing nuisance.

The roots of the tree are not now, and may never be, a substantial obstruction to the driveway, so there is now no valid ground for ordering its removal, unless the roots of the tree, as they may affect the sewer, which is now root proof, are a continuing nuisance.

Whether, under the situation, the defendant is liable for the sewer repairs, is a somewhat novel question. The plaintiff did not file her claim for damages within the time fixed by the city charter, and, therefore, she cannot maintain an action at law to recover her alleged damages, and she cannot recover in an equitable action for the same (*Schroeppell* v. *Shaw*, 3 N. Y. 446; *Buzard* v. *Houston*, 119 U. S. 347; *Watts* v. *Equitable Life Assurance Society*, 55 Misc. 454, 457; *Schank* v. *Schuchman*, 212 N. Y. 352, 355; *Walter* v. *Garland Automobile Co.*, 164 App. Div. 183, 184) unless the tree is a continuing nuisance.

Under the city charter the abutting owner has to build and maintain, at his own expense, the sewer from his property to the main sewer in the street. When the city owns the street in fee, the abutting owner has only an easement over it for his sewer connection, and the only duty the city owes to the owner is not to willfully injure the sewer. If the owner puts in an improperly constructed sewer, he cannot expect the city to pay him damages if the roots of trees, wholly on city property, injure it. A properly constructed sewer is not damaged by the roots of trees.

It is well settled law that while the owner of the land owns the trees growing on it and the fruits thereof, if any (*Hoffman* v. *Armstrong*, 48 N. Y. 201), the abutting owner has the right to cut off the branches that overhang his land. (*Countryman* v. *Lighthill*, 24 Hun, 405, 407.) He would also have an equal right to cut off roots on his own land that would clog up his sewer if the city refused to do it.

The importance of shade trees to the city should also be considered. Without them its attractiveness and much of its comfort would be lost. It would be unreasonable to expect a municipality to go to the almost prohibitive expense of preventing tree roots from growing into improperly constructed sewers.

Upon the facts in this case the complaint must be dismissed, on the merits, but without costs.

Submit findings and judgment in accordance with this decision.