This is an appeal from a judgment of dismissal of plaintiffs' action for damages for injuries alleged to have been sustained by Joann Parisi, by reason of the failure of defendant to use the degree of care, skill and diligence in assembling a bicycle to render it reasonably fit for the purpose for which it was intended, and because defendant did carelessly, negligently, recklessly and improperly put together, prepare and assemble the said bicycle and did use defective, improper and faulty methods in the preparing and assembling said bicycle, which was purchased from defendant for said Joann Parisi, and in the use of which she was injured, by reason of the failure of defendant, as above stated.
The proofs established that, early in December, 1946, plaintiff, Joseph Parisi, father of Joann Parisi, went to the defendant's place of business, and purchased the bicycle. The salesman selected a bicycle for which the father paid money, said to have been given him by his daughter, who had saved her allowance for such purpose. The salesman placed the bicycle in the father's automobile, and he drove home. He placed the bicycle in the cellar of his home, and on Christmas Eve placed it alongside the Christmas tree and on Christmas morning Joann saw it for the first time. The next morning, December 26, 1946, the father placed the bicycle in the driveway next to his house, and Joann, riding her bicycle and her brother, who rode his own bicycle, went to a nearby gas station and put air in the tires of Joann's bicycle, and both returned home. Joann got on her bicycle and rode a short distance when she became aware of the wobbling of the front wheel. *Page 474 
She testified she rode about a block thereafter, trying to control the wheel, but was unable to do so, and "I tried to turn the steering wheel the other way but the steering wheel kept going toward the left and the more I tried to straighten out the less it seemed to do it and before I knew it I applied the brakes but it all happened so fast I was up against the curb;" she further testified that the street, at that point was "a slight downgrade." Her brother testified that he arrived at the scene of the accident about two minutes after the occurrence; that he got on the bicycle and found it in poor condition, whereupon he pushed it home. It remained in the cellar of plaintiff's home thereafter without any use or any change or tampering with it. A few days after the accident a bicycle dealer examined the bicycle, but he was not available to testify at the trial. His father testified that he was unable to locate him. Plaintiffs called as a witness another person who had been engaged in the business of "bicycle, carriage and oil burner repair." He examined the bicycle early in February, 1949, somewhat more than two years after the accident, and objection was made to his testifying to what he found. The court sustained the objection and the witness was not permitted to state the condition which he found.
Respondent challenges the idea that the action sounds in breach of warranty, but concedes that the action is upon a claim for negligence in the assembling of the bicycle in consequence whereof it became dangerous for the use of the infant plaintiff, who sustained physical injuries by reason thereof.
Without passing upon the question of the existence of a breach of warranty, and dealing with the case as one of negligence, we are of opinion that the trial court erred in ruling against the admission of the testimony of the plaintiffs' expert witness. Respondent relies heavily upon Johnson v. Mason, 70 N.J.L. 13
(Sup. Ct. 1903), where the condition of a piano was involved. There, however, the testimony was that the piano was in use for two years subsequent to the bringing of the suit and did not relate to its condition at the pertinent time. However, in the instant case, the uncontradicted testimony is that there was no change in the condition of the *Page 475 
bicycle from the time of its purchase until the time of its inspection by the expert. In Ellis v. Rosenberg,15 N.J. Misc. 37 (Sup. Ct. 1936), it was held that photographs of a physical condition complained of, taken two years after the occurrence, were admissible if they were a "true representation of the condition in question." Citing Sidway v. Greater AtlanticFinance and Mortgage Co., 12 N.J. Misc. 83 (Sup. Ct. 1933). In Wegener v. Sugarman, 104 N.J.L. 26 (Sup. Ct. 1927), photographs, taken five or six years before the act complained of, were admitted on the plaintiff's testimony that "the hedges at the time they were destroyed were exactly as shown in the picture, I having always maintained them in about the same condition as shown in the picture."
In the instant case, the testimony was that there was no change in the condition of the bicycle, the witness was competent to testify to the condition of bicycle, the hypothetical question propounded to the witness was sufficient to elicit his opinion on the essential facts. Molnar v. Hildebrecht Ice Cream Co., Inc.,110 N.J.L. 246 (E. A. 1933), and cases cited.
We conclude that the judgment should be reversed and a venirede novo awarded.