Jack Stanislaw, J.
Ferrara brought this action to compel defendants Metz to remove certain poplar trees, and to recover damages. These trees are generally within about four feet of plaintiff’s side of the common boundary line of the parties’ respective properties. They were planted by defendants about 10 years ago. Ferrara alleges that at least some of their roots have grown onto her property ever since. Ferrara claims that these roots have disturbed and eroded her property, caused the upheaval of patio blocks around her swimming pool, cracked the pool wall itself, interfered with the filter, and produced unwanted saplings all over the place. It is conceded by plaintiff that in some instances the roots had to travel more than 60 feet to do their damage. Plaintiff has been fighting to halt the growth and spread of these roots since 1962, even to the extent of digging a trench on her side of the line in 1964, all to no avail. Defendants have not responded to her pleas for help. They take the position that plaintiff’s improper digging of ditches and cutting of roots have created and encouraged the separate growth and extension of poplar roots onto plaintiff’s property.
To say there is a paucity of cases on, or even near, the point here would be gross understatement. It has been established that a property owner may resort to self-help in the first instance, to remove roots adversely affecting his own land (Colombe v. City of Niagara Falls, 162 Misc. 594.) Even so, plaintiff’s efforts along these lines have been futile.
The complaint, however, does properly allege a cause of action (cf. Morrison v. City of New Rochelle, 155 N. Y. S. 2d 937). Whether, in the existing situation, the defendants may ultimately be responsible for plaintiff’s alleged damages is a question that has not been resolved in these papers. Specifically, plaintiff’s statement .that she has been told by an expert that the *532 objectionable and damaging roots are poplar roots is obviously not enough to support her application for summary judgment.
The motion is denied. Defendants’ request for summary relief is similarly deficient in its attempt to establish the lack of issues of fact. It too is denied. The issues raised require expert development wholly lacking in these papers one way or the other.