OPINION OF THE COURT
Charles H. Cohen, J.
Is a municipality, which plants an oak tree over a sewer line leading to the home of the landowner, liable to the *56 landowner when the roots of the tree some 25 years later damage the sewer line?
Based upon the evidence presented in the form of testimony by the plaintiff landowner and by a plumbing contractor specializing in subsurface construction who was familiar with the problem presented in this case, the court finds the following facts: Some 25 years ago the defendant, City of New York, without the request or permission of the plaintiff landowner, planted an oak tree at the curb line of her property over the sewer line leading from plaintiffs home to the sewer in the street; that an oak tree has roots which go down deeply and have a propensity for entering the joints of a sewer pipeline; and that the roots of this oak tree did just that and caused the sewer pipe to burst.
The court has found only three cases in New York dealing with this problem. None of them conclusively answers the question. The earliest is Colombe v City of Niagara Falls (162 Misc 594, 595). In that case, it was stated that the municipality was not liable where the roots of a tree grew into an "improperly constructed” sewer, there being a finding that the sewer in question "was made of tile with unsealed joints that were easily penetrated by tree roots.” Aside from the fact that the circumstances relating to the planting of the tree were not stated, the instant case is significantly different since the court finds, based upon the uncontradicted testimony of plaintiffs expert, that the sewer was properly constructed. The expert testified that the sewer was made of vitreous clay pipe and joined with cement. He testified that this was a proper method of construction at the time the sewer was built, over 25 years ago. Interestingly enough, he stated that when he constructed the new pipe, he used a substance which was not then in use and is impervious to destruction by tree roots so that this problem should not arise again.
The second case relating to this problem is Morrison v City of New Rochelle (155 NYS2d 937) where the court granted a motion to dismiss a complaint alleging that defendant was in possession of certain trees at plaintiffs premises, the roots of which trees gree into plaintiffs sewer line and damaged them. The motion was apparently granted on the ground that sufficient facts to establish that defendant was responsible for this damage were not alleged. The court cited Colombe v City of Niagara Falls, (162 Misc 594, supra) and declared (p 938) "Whether the defendant can ever be held liable for the *57 natural growth of a tree, in possession of or belonging to the city, is uncertain.”
The third case, which did not involve a municipality, is Ferrara v Metz (49 Misc 2d 531). The complaint there alleged that roots from certain poplar tree on defendants’ premises had grown on to plaintiffs property and disturbed and eroded her property, causing damage to her swimming pool and the patio around it. The court, citing Colombe v City of Niagara Falls (supra) and Morrison v City of New Rochelle (supra) and after noting (p 531) that "To say there is a paucity of cases on or even near the point here would be gross understatement”, declared that the complaint stated a cause of action.
Whether the plaintiff should recover under the facts of this case involves conflicting policy considerations. On one hand, the planting of trees in a city is beneficial to its inhabitants and enhances the surrounding area. (Colombe v City of Niagara Falls, 162 Misc 594, supra.) On the other hand, owners of property are entitled to have their sewer lines protected and the destruction of sewer lines will cause obvious discomfort not only to the landowner, but to others in the area. The court is faced with a classic conflict of interest requiring what Prosser, apparently borrowing the words of Pound, has called "Social Engineering” (Prosser, Torts [4th ed], § 3, p 15).
In balancing these interests, the court finds that at least where the sewer line is properly constructed, the municipality, rather than the landowner, should bear the cost of repairing the sewer line when it plants a tree, having the propensity to dig into sewer lines, over that sewer line. In this situation, it was foreseeable that some time in the future damage might very well occur. (Cf. Basso v Miller, 40 NY2d 233, 241.) While a rule imposing liability upon the municipality may tend to deter the planting of certain kinds of trees, the municipality may still safely plant other trees. Moreover, with respect to newly constructed sewer lines, the municipality should be in a position to avoid liability since a properly constructed sewer line now should be impervious to the roots of trees.
The court is cognizant of a rule that a landowner may, on his own land, resort to self-help to remove roots adversely affecting his own property. (Colombe v City of Niagara Falls, 162 Misc 594, supra; Ferrara v Metz, 49 Misc 2d 531, supra.) It may be argued that this is sufficient protection for a landowner and he need not be given a cause of action for damages where tree roots damage his sewer line. In some jurisdictions, *58 this argument has been accepted, while in others, it has been rejected. (See 2 CJS, Adjoining Landowners, §§ 50-54; Ann. 18 ALR 655; Ann. 76 ALR 111, relating to intruding trees generally.) With respect to the particular problem of tree roots and sewers, see, for example, Michalson v Nutting (275 Mass 232) tending towards a denial of liability and Forbus v Knight (24 Wn 2d 297) tending towards a finding of liability.
It is the determination of the court that it would not be realistic to limit a landowner to a right to dig for and cut roots. While such a limitation upon the rights of a landowner may be proper with respect to overhanging branches of a tree (see Countryman v Lighthill, 24 Hun 405), such a limitation would be manifestly unfair to a landowner whose property may be directly injured by the effect of spreading roots. Unlike branches which are readily visible and which may often be cut without great difficulty, roots are not generally visible and may require considerable digging in order to remove them. Indeed, the landowner will usually not know that he has reason to cut roots until damage has occurred.
The court finds that defendant is liable to plaintiff for damages caused to plaintiff’s sewer by the roots of the tree planted by defendant and that, based upon the evidence presented, the reasonable cost to repair the damage, including the attempts to open the sewer, amounted to $1,069.20. The court directs judgment in favor of the plaintiff against the defendant for $1,069.20, with interest from November 8, 1976.