OPINION OF THE COURT
B. Thomas Pantano, J.
This motion and cross motion are disposed of as follows:
Defendants move this court for an order dismissing the complaint pursuant to CPLR 3211 (subd [a], pars 5, 7, 8, 10). Plaintiff cross-moves for summary judgment and a denial of the defendants’ motion. Plaintiff’s cross motion for summary judgment is denied in light of the decision hereinafter set forth granting defendants’ motion to dismiss the complaint. The defendants’ motion to dismiss the complaint is granted.
This is an action for omnibus relief due to an alleged nuisance. The adversaries own and reside upon adjoining lots in the Village of Málveme, Nassau County, New York.
As a first cause of action in equity, plaintiff alleges that leaves, twigs, branches, and buds from defendants’ trees constantly fall upon plaintiff’s property, cluttering the lawn, driveway, and sewer vents. Plaintiff further alleges a continuing hardship in excessive time, money, and labor expended to collect and transport this accumulated tree rubbish.
As a second cause of action in law, plaintiff alleges, pursuant to section 871 of the Real Property Actions and Proceedings Law, that some of defendants’ tree branches overhang and encroach upon her premises, cause cosmetic damage to her garage, prevent her lawn from receiving adequate sunlight, and deprive her of the exclusive, safe use and enjoyment of her property.
Defendants’ motion to dismiss the complaint for failure to state a cause of action is based upon an allegation of damnum absque injuria, or harm without injury in the legal sense.
The primary issue before this court is whether or not plaintiff has stated a cause of action, in equity or in law, for the alleged damages caused by defendants’ trees which are in close proximity to plaintiff’s property.
*1045 The specific question raised is whether the overhanging branches and/or accumulated fallen leaves, branches, and buds, under the circumstances stated, constitute a nuisance or other actionable legal theory, entitling plaintiff to relief.
When plaintiff states in her affidavit in answer to defendants’ motion for dismissal of the complaint that this action does not fall within the category of nuisance or negligence or self-help "by clipping off the offensive encroaching branches”, this court agrees in part.
The essence of a private nuisance is interference with the use and enjoyment of land amounting to an injury in relation to a right of ownership in that land. (Kavanagh v Barber, 131 NY 211; Mandell v Pivnick, 20 Conn Supp 99.) Since the trees in this case are not poisonous or noxious in their nature, they are not a nuisance per se, in such a sense as to sustain an action for relief. (Countryman v Lighthill, 24 Hun 405.)
Recovery for damages from overhanging branches depends upon the presence of actual injury to plaintiff or plaintiff’s property. Upon the facts stated and the allegations made in the complaint, there is insufficient basis for an action as a private nuisance because real, sensible damage has not been shown to result from the overhanging tree branches or leaves. (Countryman v Lighthill, supra.) There is some difference of opinion as to the extent of damages required to constitute sensible or substantial damages, only that without this showing, an action in nuisance does not arise. The cases are in agreement that trees ordinarily are not nuisances, unless decayed or otherwise dangerously unsound. (Gibson v Denton, 4 App Div 198.) One standard for measuring the degree of damage in this area is definite offensiveness, inconvenience or annoyance to the normal person in the community where the customs of the community are to be taken into account. (Wade v Miller, 188 Mass 6; Restatement, Torts, § 822, comment g.)
Neither does plaintiff have an action in trespass. The majority of cases distinguish trespass from nuisance on the ground that trespass is an invasion of the plaintiff’s interest in the exclusive possession of her land. If such an invasion also deprives plaintiff of the use and enjoyment of her land, then nuisance would jointly arise (Burk v High Point Homes, 22 Misc 2d 492) so long as the interference causes substantial harm for the nuisance action and intentional intrusion for the *1046 trespass action. (Restatement, Torts 2d, § 166.) We do not find such interference or intrusion here.
Neither does plaintiff have an action in negligence. There is a large class of cases, in which injury is suffered by a party, where the law gives no redress. If a tree growing upon the land of one is blown down upon the premises of another, and in its fall injures his shrubbery, or his house, or his person, he has no redress against him upon whose land the tree grew (Sheldon v Sherman, 42 NY 484) provided such injury arises from a fortuitous occurrence beyond the control of man, without his fault or negligence. Certainly, if liability does not ensue in negligence for falling trees, therefore it cannot ensue in negligence for falling leaves and overhanging branches which cause cosmetic damage to a garage or block the sun from a sod-covered lawn. In these cases, the party through whom such acts occur is not responsible for it. (Sheldon v Sherman, supra.)
Since our statutes do not accord a remedy to one whose personal enjoyment and use of private property is lessened by mere overhanging tree branches or falling leaves, there is no statutory ground for damages or abatement of the alleged injury.
Summary abatement by self-help under these circumstances is a sufficient remedy. (Countryman v Lighthill, supra.) Just as it has been established that a property owner may resort to self-help in the first instance to remove tree roots adversely affecting his land (Michalson v Nutting, 275 Mass 232; Colombe v City of Niagara Falls, 162 Misc 594; Ferrara v Metz, 49 Misc 2d 531) so it has been held with the removal of overhanging tree branches. We do not see this burden as an unreasonable one upon the plaintiff. Such a limitation upon the rights of a landowner is proper with respect to innoxious tree branches and leaves, as they are readily visible, unlike roots, and may be cut and collected without great difficulty. (Norwood v City of New York, 95 Misc 2d 55.) Indeed, such natural growth and shedding processes of trees are inherent in such an area, and to most people constitute a pleasurable reflection of seasonal changes.
Plaintiff’s right to ordinary trimming and clipping of the overhanging branches does not extend to destruction or injury to the main support systems of the tree. (Spadaro v Putter, 108 NYS2d 343; Adams v Hahne, 59 Misc 2d 827, where controlled clipping of an encroaching hedge was allowed but *1047 legal action was not.) In any event, plaintiff may not go beyond the property line to cut or destroy part or all of a tree on the adjoining land unless the tree becomes a private nuisance as to an abutting owner, due to its rotted and diseased condition. (Childers v New York Power & Light Corp., 275 App Div 133.)
Under the maxim de minimis non curat lex, we further believe that the alleged damages are not substantial enough to seriously interfere with the use and enjoyment of the plaintiff’s premises (Ungrich v Shaff, 119 App Div 843) or to require this court’s further attention.
Clashing land uses require an examination of the character of the neighborhood as well as the character of the defendants’ and plaintiff’s alleged harms and equities within a balancing framework. Using such a framework, upon these facts, this court is not persuaded that plaintiff has suffered unreasonable injury or that she carries an unreasonable burden by continued exercise of her right to cut off the offending, overhanging branches and bag or rake the offending leaves. Plaintiff moved into this neighborhood only eight years ago, with knowledge of the trees already there and of their visible maturity. If a valid nuisance does arise in the future, however, plaintiff would not be barred from complaining about it merely because the nuisance was there first. (Campbell v Seaman, 63 NY 568.)
On the other half of the scale, it appears that defendants would bear an unreasonable burden in being held responsible for natural conditions over which they have little, if any, control. Certainly, mature trees, rooted and growing for many years before defendants or plaintiff moved into their respective homes, would qualify as such.
In conclusion, one whose land is intruded upon by tree branches and leaves, which are not poisonous or inherently injurious to the extent of sensible or substantial damages, or of reasonable foreseeability, has no cause of action against adjoining landowners of such trees, but may protect herself therefrom by reasonable cutting of branches to the extent that they invade her property and no more.
We have not considered the jurisdictional question raised by the defendants insofar as it relates to improper service of process for two reasons: (1) the objection is raised on the basis of an attorney’s affidavit which consists mainly of hearsay *1048 evidence which is not considered by this court; and (2) the objection is considered moot by the decision of this court.
Motion to dismiss the complaint is hereby granted.