OPINION OF THE COURT
Martin J. Kerins, J.
This is an action to recover $1,500 for damages to plaintiff’s concrete patio caused by roots from a tree allegedly owned by the defendant.
The parties own adjoining lots in the Hamlet of Centereach. Each party has a fence along the common boundary line. Such fences are separated by a gap of approximately eight inches within which a tree grows in Centereach.
The controlling issues are whether the defendant owns the tree and, if so, whether under all of the circumstances the plaintiff is entitled to recover for damages caused by its roots. The controlling cases on the subject are few and far between.
With respect to the issue of ownership of the tree, it has been held that a tree is the property of the person upon whose land the trunk stands. (Hoffman v Armstrong, 48 NY 201; 1 NY Jur 2d, Adjoining Landowners, § 51.) The plaintiff presented evidence in the form of testimony, photos and a land survey that his fence was 0.3 feet (or 3.6 inches) on his side of the common boundary and that the tree was approximately three inches from his fence. On this issue the court finds that the trunk of the tree *974 is located predominantly, if not entirely, on defendant’s land and defendant must be held to be the owner.
The remaining facts essential to the issue of liability are undisputed. The plaintiff resides on his property and tenants of the defendant reside on defendant’s property. The tree in question existed and was growing on defendant’s property prior to plaintiff commencing construction of his concrete patio. Testimony established that such tree had a three-inch diameter, more or less, at the time plaintiff began such construction approximately eight years ago. Moreover, plaintiff constructed his four-inch-thick ground level patio to within five or six inches of his fence, thus constructing it to within eight or nine inches of the existing tree. After eight years and upon noticing the damage to his patio plaintiff notified defendant of the problem, whereupon defendant gave plaintiff permission to enter upon her property to remove the tree, roots and all. Plaintiff offered no expert testimony regarding the species of tree or the propensity of root growth.
Although unclear, it appears that plaintiff bases his right to recover on an action in trespass. In any event, the court will address the nuisance and negligence theories as well.
In order for the plaintiff to prevail in an action in trespass his burden extends beyond proof of an invasion of his right to exclusive possession of his land, to proof that such invasion or intrusion is the result of an act either intentionally done or so negligently done that such intent will be presumed. (Turner v Coppola, 102 Misc 2d 1043; 61 NY Jur, Trespass, § 5.) The trespass may not be based on a mere nonfeasance or an omission to perform a duty. (61 NY Jur, Trespass, § 4). Here, there is no proof whatsoever of an intentional intrusion or that defendant was even aware of root intrusion prior to notification by plaintiff of the alleged damages.
Moreover, plaintiff never availed himself of his right to self-help in the first instance by removing those roots on his own land. (Columbe v City of Niagara Falls, 162 Misc 594; Ferrara v Metz, 49 Misc 2d 531.) The court is mindful of the fact that in Norwood v City of New York (95 Misc 2d 55), the Civil Court of the City of New York, Queens County, held the self-help doctrine inapplicable to root cases. This court feels compelled to distinguish that ruling. In the Norwood case the court found that the defendant, City of New York, planted an oak tree over plaintiff’s preexisting “properly constructed” sewer line and “that an oak tree has roots which go down deeply and have a propensity for entering the joints of a sewer pipeline” (p 56). The *975 court reasoned that it was foreseeable that some time in the future damage could occur from the planting of trees. The court further determined that roots, unlike branches, “are not generally visible and may require considerable digging in order to remove them” (p 58). Accordingly, the court found the defendant, in that case, liable to the plaintiff even though plaintiff had not resorted to self-help in the first instance.
In the present case there was no expert testimony on root and tree propensity and self-help was more reasonable and realistic. Moreover, the tree was growing for several years prior to the construction of the patio and thus the court does not find any foreseeability on the part of the defendant. Indeed, it is more realistic to expect that plaintiff would have reasonably foreseen damage to the patio. Accordingly, the court determines self-help to be applicable under the circumstances of this case.
The determination of the court is similar if plaintiff is proceeding on an action in nuisance. Although plaintiff has established property damage in the real sense, there is no proof of an interference with the use and enjoyment of land amounting to an injury in relation to a right of ownership in that land. (Kavanagh v Barber, 131 NY 211; Turner v Coppola, supra.) Moreover, even if plaintiff met the threshold elements of nuisance, the facts and circumstances require that he resort to self-help in the first instance. (Columbe v City of Niagara Falls, supra; Ferrara v Metz, supra; Turner v Coppola, supra.)
Similarly, plaintiff’s case falls as an action in negligence. There is no proof that the injury arose due to the fault or negligence of the defendant. (Turner v Coppola, supra.) Nor can the defendant be held liable on the theory of foreseeable future damage (cf. Norwood v City of New York, supra).
Accordingly, judgment for defendant.