208 N.J. Super. 31 (1986)
504 A.2d 1196
HENRY D'ANDREA AND ANGELA D'ANDREA, PLAINTIFFS-APPELLANTS,
v.
JOHN GUGLIETTA AND PATRICIA GUGLIETTA, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted December 16, 1985.
Decided January 31, 1986.
*32 Before Judges FURMAN, COHEN and ASHBEY.
Cynthia S. Jenkins, attorney for appellants.
Craig S. Larsen, attorney for respondents.
The opinion of the court was delivered by FURMAN, P.J.A.D.
*33 Liability for tree root damage to a neighbor's property is at issue on this appeal. The trial court awarded $2,960 to defendants on their counterclaim for damages and for abatement of a nuisance: tree roots which had spread onto their property from a maple tree growing on plaintiffs' property, cracking their waylite block boundary fence. Plaintiffs had planted the maple tree about three and a half feet from the common boundary 14 years before, three years before the construction of defendants' boundary fence.
The focus of the brief non-jury trial was on plaintiffs' action for abatement of defendants' boundary fence as a nuisance and for consequential damages for diminishment of their own property's value. The trial court dismissed plaintiffs' action because their only proof was that the boundary fence was unsightly and aesthetically displeasing to them, insufficient as a matter of law to support a finding of a nuisance, Cahill v. Heckel, 87 N.J. Super. 201, 204 (Ch.Div. 1965). No issue challenging dismissal of plaintiffs' complaint is raised before us. Plaintiffs' sole issue on appeal is that no liability should lie on the counterclaim against them for unforeseen damage to their neighbors' wall arising out of root growth from a previously planted tree.
Only two witnesses testified at trial: Henry D'Andrea, one of the two plaintiffs, and Patricia Guglietta, one of the two defendants. D'Andrea's testimony was directed solely to his claim, not to the counterclaim. According to Guglietta's testimony, the maple tree was planted around 1970 "about the same time" that she and her husband installed a chain link boundary fence; the Gugliettas removed the chain link fence around 1973 and replaced it with their waylite block fence; the maple tree's roots were not "established anywhere near that wall" when the Gugliettas dug down to put in foundation footings for their masonry wall; approximately eleven years later when they noticed the crack in the wall, they dug down and discovered *34 "gigantic" roots from the nearby maple tree up to 30 feet in length "coming through the wall." A masonry contractor's estimate of $2,960 for repair of the wall, to which Guglietta testified, was unchallenged at trial and is unchallenged before us as to reasonableness.
Plaintiffs neither pleaded nor offered proof of any defense, e.g., that defendants could have avoided the injury to their masonry wall by self-help in 1973 or thereafter, that is, by digging down, severing and removing the maple tree roots on their side of the common boundary. The judgment for defendants on their counterclaim awarded damages but no specific relief. Under common law principles, defendants were entitled to cut off invading tree roots by exercising self-help, 2 Thompson, Real Property (5 ed. 1980), § 336 at 155; Michalson v. Nutting, 275 Mass. 232, 175 N.E. 490 (1931); Colombe v. City of Niagara Falls, 162 Misc. 594, 295 N.Y.S. 84 (Sup.Ct. 1937).
The trial court relied upon two New Jersey cases, Ackerman v. Ellis, 81 N.J.L. 1 (Sup.Ct. 1911) and Wegener v. Sugarman, 104 N.J.L. 26 (Sup.Ct. 1927), which deal with liability arising from and remedies available for overhanging tree branches. Ackerman holds that overhanging tree branches may constitute a nuisance for which an action for damages lies. Wegener recognizes the common law right of self-help to lop off overhanging branches to the property line but no further.
According to the trial court "as a matter of logic, ... no distinction can be made between roots and branches." That approach overlooks real distinctions between the two. Unlike tree branches, tree roots are largely underground and evident only upon digging down; their extent and girth may be uncertain and unpredictable; they are not commonly pruned or otherwise tended; their severance may endanger the tree's stability in high winds and rainstorms.[1] A tree root system may extend vertically downward or may spread laterally close *35 to the surface. The relatively uncomplicated law governing invasion of adjoining property by tree branches may not be fairly applicable under all circumstances to tree roots.
The trial court also relied upon two out-of-state cases, Buckingham v. Elliott, 62 Miss. 296 (Sup.Ct. 1884), and Holmberg v. Bergin, 285 Minn. 250, 172 N.W.2d 739 (Minn.Sup.Ct. 1969). Buckingham affirms an award of damages for injury to a well by tree roots from a mulberry tree, which the court refers to as a "noxious" tree, growing on the adjoining property. Holmberg affirms a judgment ordering destruction of a tree, the roots of which caused injury to a neighbor's fence, sidewalk and basement, and affirms on cross-appeal the dismissal of a damage claim "due to [plaintiffs'] failure to take advantage of earlier opportunities to remove roots [through self-help]."
Elsewhere in reported decisions, there is general agreement that tree roots extending under a neighbor's land are owned by the owner of the land on which the tree trunk stands; that the owner of a tree has no right to its sustenance from adjoining land; and that a neighbor may resort to self-help to sever and remove invading tree roots. The sparse authorities have reached conflicting results as to the availability of remedies other than self-help and, if other remedies are recognized, as to the availability of defenses.
The rule set out in Michalson, supra, is that damage caused by tree roots spreading from an adjoining property is damnum absque injuria and that the only redress is self-help. Michalson is followed expressly in Sterling v. Weinstein, 75 A.2d 144 (D.C.Mun.Ct. of App. 1950). Colombe, supra, and Smith v. Holt, 174 Va. 213, 5 S.E.2d 492 (1939), are in accord with the result in Michalson, although Smith v. Holt by dictum recognizes a right of action for damages, following Buckingham, supra, for an injury "inflicted by the protrusion of roots from a noxious tree or plant."
*36 Other reported decisions have sustained or recognized a cause of action for damages for injury caused by tree roots from a tree or trees planted by the owner of adjoining property or his predecessor, Forbus v. Knight, 24 Wash.2d 297, 163 P.2d 822 (Sup.Ct. 1945); Ferrara v. Metz, 49 Misc.2d 531, 267 N.Y.S.2d 823 (Sup.Ct. 1966); Shevlin v. Johnston, 56 Cal. App. 563, 205 Pac. 1087 (Dist.Ct.App. 1922); Stevens v. Moon, 54 Cal. App. 737, 202 Pac. 961 (Dist.Ct.App. 1921). Abbinett v. Fox, 103 N.M. 80, 703 P.2d 177 (Ct.App. 1985), affirms a judgment for damages for injury caused by roots from a neighboring cottonwood tree upon a specific trial court finding of negligence in "permitting" the roots to cross onto plaintiffs' property.
In addition to Holmberg, supra, other recent decisions have barred recovery of damages for tree root injury by applying the defense of avoidable consequences, Hasapopoulos v. Murphy, 689 S.W.2d 118 (Mo. App. 1985), and Loggia v. Grobe, 128 Misc. 2d 973, 491 N.Y.S.2d 973 (Co.Dist.Ct. 1985). The court in Hasapopoulos viewed as decisive the evidence that the tree involved was "healthy and undecayed" and that plaintiff had failed to resort to self-help. In Loggia plaintiff built a patio within one foot of an already standing tree on defendant's side of the property line. The court concluded that "the facts and circumstances require that [plaintiff] resort to self-help in the first instance."
The Restatement of Torts, which we may look to in the absence of decisional law authority in this state, see Berger v. Shapiro, 30 N.J. 89, 99 (1959), draws a distinction between nuisances resulting from artificial and natural conditions of land. The former are actionable, Restatement, Torts 2d, § 839 at 161 (1979); the latter are not, Id. § 840 at 166. Illustration 4 to § 840 provides, paralleling the facts in Stevens v. Moon, supra:
A purchases and takes possession of land on which have been planted a number of eucalyptus trees near the boundary line of B's land. The roots of *37 the eucalyptus trees grow into B's land, with the result that walnut trees growing thereon are stunted and otherwise damaged. Although A knows of this, he does not cut down the eucalyptus trees. A is subject to the rule stated in § 839, since the eucalyptus trees are not a natural condition.
By analogy to Ackerman v. Ellis, supra, the trial court on the appeal before us properly held that injury to an adjoining property caused by the roots of a planted tree was actionable as a nuisance, irrespective of the absence of proof of prior notice of the nuisance to plaintiffs. Damages were recoverable, in the absence of any pleading or proof that the damages were avoidable or that defendants had "come to the nuisance," see Weber v. Pieretti, 72 N.J. Super. 184 (Ch.Div. 1962), aff'd 77 N.J. Super. 423 (App.Div. 1962), certif. den. 39 N.J. 236 (1963); Restatement, Torts 2d § 840D at 175 (1979). On the undisputed proofs, the defense of avoidable consequences could not be sustained. When defendants dug down for foundation footings for their masonry wall in 1973, roots from plaintiffs' maple tree planted three years before were nowhere about. Nothing in the record suggests that the maple tree's roots heaved up or were in any way evident in the vicinity of the masonry wall between 1973 and 1984, when the wall cracked, or that defendants should have foreseen the direction and extent of the tree roots' growth.
We affirm judgment on the counterclaim in favor of defendants.
NOTES
[1] There is no showing of such a danger in the record before us.