OPINION OF THE COURT
Memorandum.
Judgment, insofar as appealed from, reversed without costs and judgment directed to be entered in favor of defendant dismissing the action on condition that, within 60 days of the date of the order entered hereon, defendant serve upon plaintiff and file with the clerk of the court below an affidavit attesting to the fact that the subject tree has been removed; otherwise judgment, insofar as appealed from, affirmed without costs.
In this small claims action, the record establishes that the roots of a tree situated on defendant’s property damaged the wall of a garage on plaintiff’s property. At trial, plaintiff indicated that prior to commencing this small claims action, he had sought to have the objectionable tree removed, which he felt would have afforded him the most complete relief, but the defendant had refused his request. Plaintiff, thereafter, commenced the instant small claims action seeking to recover the sum of $2,100. While a small claims court is a court of limited jurisdiction and lacks the authority to grant any equitable remedy, such as directing the removal of a tree (see UDCA 1801; see generally UDCA 209), under the circumstances presented, substantial justice would have been most completely rendered had the court awarded judgment in favor of defendant dismissing the action on condition that he remove the subject tree within a specified period of time (see UDCA 1805); otherwise, upon defendant’s failure to remove the tree, judgment should have been entered in favor of plaintiff in the sum of $2,100, the sum plaintiff established as his damages. We note that, with respect to the issue of liability, it cannot be said that the determination of the court below was so clearly erroneous or shocking as to fail to render substantial justice between the parties (UDCA 1807; see Forte v Bielecki, 118 AD2d 620, 621 [1986]; Scaringe v Holstein, 103 AD2d 880 [1984]).