*41 OPINION OF THE COURT
Per Curiam.
Judgment entered on or about December 20, 2012, reversed, without costs, and judgment awarded in favor of plaintiff in the principal sum of $1,700, unless, within 30 days after service upon defendant of a copy of this order with notice of entry, defendant returns the subject engagement ring to plaintiff, in which event the judgment is deemed satisfied.
Plaintiff instituted this small claims action against defendant, his former fiancée, to recover the value of a two-carat diamond ring that he gave to defendant. The trial evidence showed, and it is not seriously disputed, that plaintiff purchased the ring in February 2011 for the sum of $1,700; that the jeweler who sold the ring subsequently took it back and exchanged it for another similar ring because the “diamonds kept falling out” of the ring initially purchased; that the second ring was described as an engagement ring on the face page of an insurance policy identifying both parties as named insureds; and that defendant successively wore each of the rings on her left ring finger until plaintiff broke off the engagement in or about October 2012. Thus, the weight of the evidence compels the conclusion that both the initial and replacement diamonds were engagement rings given in contemplation of marriage (see Civil Rights Law § 80-b; Gaden v Gaden, 29 NY2d 80 [1971]; Passeri v Katzenstein, 183 AD2d 817 [1992]; cf. Karim v Malik, 14 AD3d 416 [2005]). Notably, the trial court made no findings on this issue, instead basing its determination to dismiss the action on the sole stated ground that it was plaintiff who “terminated the relationship.” However, “Civil Rights Law § 80-b is a ‘no-fault’ statute, permitting the recovery of property given in contemplation of a marriage that does not take place, regardless of who is responsible for the failure of the marriage to go forward” (Lipschutz v Kiderman, 76 AD3d 178, 183 [2010], citing, inter alia, Gaden v Gaden, 29 NY2d at 88).
Accordingly, plaintiff is entitled to judgment as a matter of substantial justice consistent with substantive law principles (see CCA 1807). In the particular circumstances of this case, and consonant with the court’s authority to condition the entry of judgment upon appropriate terms (see CCA 1805 [a]), we have stayed entry of the judgment so as to allow defendant to return the (replacement) ring to plaintiff (see Murphy v Timmons, 14 Misc 3d 144[A], 2007 NY Slip Op 50386[U] [App Term, *42 2d Dept 2007]; see also Iny v Collom, 13 Misc 3d 75, 76 [App Term, 2d Dept 2006]).
Lowe, III, EJ., Schoenfeld and Shulman, JJ., concur.