Reed v Pilgrim (2020 NY Slip Op 50844(U))

[*1]

Reed v Pilgrim

2020 NY Slip Op 50844(U) [68 Misc 3d 126(A)]

Decided on July 10, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 10, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2018-1515 Q C

Antonia Reed, Appellant, 
against
Shawn Pilgrim and Glenda Pilgrim, Respondents.

Antonia Reed, appellant pro se.
Shawn Pilgrim and Glenda Pilgrim, respondents pro se (no brief filed).

Appeal, on the ground of inadequacy, from a judgment of the Civil Court of the City of New
York, Queens County (Mojgan C. Lancman, J.), entered September 8, 2016. The judgment, after
a nonjury trial, awarded plaintiff the principal sum of $150.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the sum of $5,000 for property
damage allegedly caused by defendants, her adjoining neighbors. At a nonjury trial, plaintiff
asserted that, when defendants had installed their new fence, they had removed her chain link
fence without permission and caused debris to come onto her property, which debris had to then
be removed. Defendant Shawn Pilgrim submitted a survey showing that the chain link fence was
on defendants' property. The court reviewed photographs of the parties' backyards and ruled that
plaintiff was entitled to $150 for any cleanup cost incurred. A judgment was entered on
September 8, 2016 awarding plaintiff the principal sum of $150, from which plaintiff appeals on
the ground of inadequacy.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of
fact as to issues of credibility is given substantial deference, as a trial court's opportunity to
observe and evaluate the [*2]testimony and demeanor of the
witnesses affords it a better perspective from which to assess their credibility (see Vizzari v
State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510
[1991]). This deference applies with greater force to judgments rendered in the Small Claims
Part of the court (see Williams v Roper, 269 AD2d at 126).
Upon a review of the record, we find that plaintiff failed to establish a prima facie case.
Plaintiff failed to show that the portion of the chain link fence that defendants had removed was
on plaintiff's property, and, in any event, plaintiff failed to establish any damages caused by
defendants. Significantly, plaintiff failed to submit two estimates or itemized paid bills, which
are deemed to be prima facie evidence of the reasonable value and necessity of any services and
repairs (see CCA 1804; see also
Cuthkelvin v Big's Bedrooms, 1 Misc 3d 129[A], 2003 NY Slip Op 51569[U] [App
Term, 2d Dept, 9th & 10th Jud Dists 2003]). As defendants did not cross-appeal from the
judgment awarding plaintiff the principal sum of $150, we find that substantial justice
(see CCA 1804, 1807) does not require that the judgment be disturbed.
Accordingly, the judgment is affirmed.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 10, 2020