Benjaminov v Rong Zhong Zheng (2021 NY Slip Op 50832(U))

[*1]

Benjaminov v Rong Zhong Zheng

2021 NY Slip Op 50832(U) [72 Misc 3d 140(A)]

Decided on August 20, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 20, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2018-2216 Q C

Ksenia Benjaminov, Respondent,
against
Rong Zhong Zheng, Appellant. 

Margretta J. Bowen, for appellant.
Ksenia Benjaminov, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County
(Terrence C. O'Connor, J.), entered March 15, 2018. The judgment, after a nonjury trial, awarded
plaintiff the principal sum of $5,000.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the
Civil Court for the entry of a judgment in favor of defendant dismissing the action.
In this small claims action, commenced in December of 2016, plaintiff seeks to recover the
sum of $5,000, alleging that her concrete patio and fence were damaged by the roots of a tree
located on defendant's property. At a nonjury trial, it was established that defendant had
purchased his property in January of 2016 and has since removed the offending tree. The tree had
already been in existence when plaintiff moved into her property over 20 years ago. Following
the trial, the court awarded plaintiff the principal sum of $5,000. 
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]).
It appears that plaintiff seeks to recover based on trespass, nuisance and/or negligence causes
of action. In order for plaintiff to prevail based on trespass, her burden extends beyond proof of
an invasion of her right to exclusive possession of her land to proof that such invasion or
intrusion is the result of an act either intentionally done or so negligently done that such intent
will be presumed (see Zimmerman v Carmack, 292 AD2d 601 [2002]; see Turner v
Coppola, 102 Misc 2d 1043 [Sup Ct, Nassau County 1980], affd 78 AD2d 781
[1980]). The trespass may not be based on a mere nonfeasance or an omission to perform a duty
(see Loggia v Grobe, 128 Misc 2d 973 [Dist Ct, Suffolk County 1985]). Here, there was
no proof of an intentional intrusion or that defendant was even aware of root intrusion prior to
notification by plaintiff of the alleged damages.
To the extent that her action was based on nuisance, plaintiff similarly could not prevail.
Even if plaintiff could establish property damage due to an interference with the use and
enjoyment of her land amounting to an injury in relation to a right of ownership in that land
(see Kavanagh v Barber, 131 NY 211 [1892]; Turner v Coppola, 102 Misc 2d
1043, affd 78 AD2d 781), the facts and circumstances required that plaintiff resort to
self-help in the first instance (see Ferrara v Metz, 49 Misc 2d 531 [Sup Ct, Suffolk
County 1966]). However, plaintiff never availed herself of her right to self-help by removing
those roots on her own land (see Iny v Collum, 13 Misc 3d 75 [App Term, 2d Dept, 9th
and 10th Jud Dists 2006, Lippman, J., dissenting]; Ahmed v Zoghby, 63 Misc 3d 866 [Middletown City Court,
Orange County 2019]; Ferrara v Metz, 49 Misc 2d 531; Colombe v City of Niagara
Falls, 162 Misc 594 [Sup Ct, Niagara County 1937]; but see Norwood v City of New
York, 95 Misc 2d 55 [Civ Ct, NY County 1978]), and there was no evidence that self-help
would have been unreasonable and unrealistic.
Similarly, plaintiff's case fails as an action based on negligence. There is no proof that the
injury arose due to the fault or negligence of defendant in the removal of the tree (see Turner
v Coppola, 102 Misc 2d 1043, affd 78 AD2d 781). Plaintiff presented no before and
after photographs and there was no expert testimony with respect to the cause of any damage
(see Loggia v Grobe, 128 Misc 2d 973).
In view of the foregoing, the judgment in favor of plaintiff failed to render substantial justice
between the parties according to the rules and principles of substantive law (see CCA
1804, 1807).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the
entry of a judgment in favor of defendant dismissing the action.
ALIOTTA, P.J., and WESTON, J., concur.
TOUSSAINT, J., dissents and votes to affirm the judgment in the following
memorandum:
"The standard of review on an appeal of a small claims judgment is whether substantial [*2]justice has . . . been done between the parties according to the rules
and principles of substantive law ([CCA] 1807). The decision of a fact-finding court should not
be disturbed on appeal unless it is obvious that its conclusions could not be reached under any
fair interpretation of the evidence, particularly when the findings of fact rest in large measure on
considerations relating to the credibility of witnesses. This principle applies with greater force to
judgments rendered in small claims proceedings, given the limited scope of review" (Nunes v 1320 Heritage Place, LLC, 13
Misc 3d 144[A], 2006 NY Slip Op 52323[U], *1[App Term, 2d Dept, 9th & 10th Jud
Dists 2006] [internal quotation marks omitted]; see Ross v Friedman, 269 AD2d 584
[2000]; Williams v Roper, 269 AD2d 125, 126 [2000]).
In this case, plaintiff claimed that, after moving in, defendant fixed his own property and not
hers, and in the process, damaged her property even more. Plaintiff explained at trial that, when
defendant took down a tree, both the fence and concrete porch were further damaged.
Significantly, plaintiff produced two photographs taken after the tree was removed and submitted
three separate estimates for the cost of repair. This case is therefore distinguishable from the case
of Reed v Pilgrim (68 Misc 3d
126[A], 2020 NY Slip Op 50844[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2020]) wherein this court stated:
"Plaintiff failed to show that the portion of the chain link fence that defendants had
removed was on plaintiff's property, and, in any event, plaintiff failed to establish any damages
caused by defendants. Significantly, plaintiff failed to submit two estimates or itemized paid
bills, which are deemed to be prima facie evidence of the reasonable value and necessity of any
services and repairs." Here, plaintiff provided prima facie evidence in the
form of three estimates. There is no dispute that defendant's removal of the subject tree caused
damage to plaintiff's fence and porch. Defense counsel was only concerned that the estimates
included work not caused by the tree removal. That point of contention was resolved by the Civil
Court's decision which specifically acknowledged "that claimant's estimates included work not
caused by the repair and tree removal, thus the award to claimant does not include them."
The majority opinion focuses on the fact that the subject tree was present when plaintiff took
residence in the adjacent home over 20 years ago; that plaintiff failed to resort to self-help or to
procure an expert on root and tree propensity to show that self-help would have been
unreasonable for a nuisance claim; and that plaintiff did not produce before and after photos for a
negligence claim. Plaintiff presented photos of the damage after the tree removal and the court
accordingly decided what award would effectively cover the damage caused by the tree removal
distinguished from other damages within the estimates. Plaintiff is not seeking relief for the
long-term damage caused by the roots but for the contemporaneous damage caused by the
removal of the subject tree. Further, the majority states that there is no proof that defendant was
aware of root intrusion of the tree, which was on both properties, prior to notification by plaintiff
[*3]of the alleged damages. The majority ignores the fact that the
cause of the damage is undisputed by defendant.
The credibility of plaintiff's statements and testimony is best observed and evaluated by the
trial court. "Furthermore, the determination of a trier of fact as to issues of credibility is given
substantial deference, as a trial court's opportunity to observe and evaluate the testimony and
demeanor of the witnesses affords it a better perspective from which to assess their credibility"
(Reed v Pilgrim, 68 Misc 3d
126[A], 2020 NY Slip Op 50844[U], *1-2; see Vizzari v State of New York, 184
AD2d 564 [1992]). "Accordingly, a small claims judgment may not be overturned simply
because the determination appealed from involves an arguable point on which an appellate court
may differ; the deviation from substantive law must be readily apparent and the court's
determination clearly erroneous" (Schiffman v Deluxe Caterers of Shelter Rock, 100
AD2d 846, 846-847 [1984]). The Civil Court decided that the appropriate remedy was an award
of damages in the amount necessary to repair the damage caused by the removal of the subject
tree, and not the long-term damage caused by its roots. It cannot be said that the determination of
the Civil Court was so clearly erroneous or shocking as to fail to render substantial justice
between the parties (see CCA 1807, 1804). The Civil Court did not improvidently
exercise its discretion in awarding limited damages.
Accordingly, I respectfully dissent and vote to affirm the judgment.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 20, 2021