**KNEPPER, et ux v. SLOVAK, et ux.**

No. 68-C-574.

Circuit Court, Palm Beach County.

December 20, 1968.

Hal H. McCaghren, West Palm Beach, for plaintiffs.

Howell, Kirby, Montgomery & D'Aiuto, West Palm Beach, for defendants.

JAMES R. KNOTT, Circuit Judge.

*Final judgment:* Plaintiffs sue for damages caused by the roots and overhanging branches of certain trees alleged to be owned by defendants, who are adjoining property owners. Plaintiffs further request that defendants be enjoined "from maintaining the trees and hedge on plaintiffs' property;" that defendants be required to remove said trees and the roots thereof from plaintiffs' land.

The boundary line between the respective residence premises of the parties is shown by a survey introduced in evidence by plaintiffs, a copy of which is attached hereto. While shown by the survey to be located partly on plaintiffs' land and partly on defendants' land, the trees in question are all substantially on or very near the boundary line, so as to form a hedge between the properties.

The following statement of law is found in 2 C.J.S., *Adjoining Landowners*, §39, et seq. —

> Under the common law and statutes reiterative thereof, a tree whose trunk is on the boundary line between adjoining lands, regardless of whether or not it is marked as a boundary, is the common property of the adjoining owners. They are tenants in common of the tree and the property interest of each owner is identical as to extent with that portion of the tree which is upon his land.

> Each owner of adjoining land may trim on his own side trees and plants standing on the boundary line, provided he does so without unreasonable injury to the interest of his neighbor, but he must not without permission trim on the side of his neighbor, or inflict unreasonable injury on, or destroy, the common property. Similarly, neither proprietor may compel the other to cut or destroy the common property.

## 9 Fla. Jur., *Damages*, §20, states —

> If a plaintiff, by a reasonable exertion or care, can prevent damages resulting to him by reason of the defendant's wrongful acts, it is his duty to do so, and, so far as he can thus prevent them, he cannot recover therefor. This principle addresses itself to the equity of the law that a plaintiff should not recover for those consequences of the defendant's act which are readily avoidable by the plaintiff. It is said to find its application in virtually every type of case in which the recovery of a money judgment or award is authorized.

The authorities generally support the conclusion that injunctive relief in cases of this kind should not be granted except where the right thereto is clear and the necessity therefor is imperative. In the annotation at 64 A.L.R. 2d 668, cited by plaintiffs' counsel, it is stated that "no case has been found in which a mandatory injunction was issued to compel the removal of boundary line trees or vegetation."

The court recognizes and holds that plaintiffs have the right to cut off the branches and roots of trees which threaten the vitality of their lawn or the integrity of their septic tank system or other improvements, but at least as to trees not wholly on their land, they do not have the right to cut or injure the trunks of the same. See 1 Am. Jur. 2d 776. Plaintiffs have had this right in the past, and the fact that they have not exercised it due to a possible misapprehension regarding the same does not operate to charge the defendants with a liability which is not supported in law.

It is, upon consideration, ordered and adjudged that plaintiffs' prayer for injunction is denied, and that plaintiffs take nothing by their suit for damages. Each party to bear his own costs.