402 So.2d 1321 (1981)
ACOSTA ROOFING COMPANY and Lumbermens Mutual Casualty Company, Appellants,
v.
Gussie GILLYARD, Appellee.
No. ZZ-200.
District Court of Appeal of Florida, First District.
August 24, 1981.
Rehearing Denied September 18, 1981.
*1322 Summers Warden, Miami, for appellants.
Jay M. Levy of Silver, Levy & Hershoff, and R. Cory Schnepper of Ser, DeCardenas, Levine, Busch & Allen, P.A., Miami, for appellee.
ROBERT P. SMITH, Jr., Chief Judge.
The only colorable issue raised by the employer/carrier's appeal in this workers' compensation case is whether we should reverse the deputy's award of temporary total disability benefits during the period between the date of the industrial accident, October 2, 1979, and April 15, 1980, the declared date of maximum medical improvement. The deputy is said to have erred in fixing the latter date by inadvertently inserting in his order the date of the treating physician's written medical report, rather than the date of the last medical examination to which the report related, namely, February 29, 1980. This error might readily have been corrected by application to the deputy during the 20 day period before it became final. Section 440.25(4)(a), Florida Statutes (1979). Claimant concedes the error now and we will not suppose he would have resisted its correction at that earlier, more appropriate time. We therefore treat the error as inconsequential in order to discourage substantially groundless and unnecessary appeals to this court which serve to delay payment of benefits and unjustifiably tax the limited resources of the judicial system.
AFFIRMED. Appellee's motion for attorney's fee is GRANTED in the amount of $1,500.
JOANOS and THOMPSON, JJ., concur.