THOMPSON, Judge.
The appellants challenge a workers’ compensation Order, contending in part that the Deputy Commissioner (“the Deputy”) erred by awarding the appellee (“the claimant”) wage loss benefits prior to the stipulated date of maximum medical improvement (“MMI”). We agree the Deputy erred in this respect.
The claimant was involved in a compen-sable accident on November 2, 1979. In a pre-trial stipulation, the parties agreed that the claimant reached MMI on May 13, 1980. The Deputy awarded the claimant wage loss benefits from April 28, 1980 (the first date for which wage loss benefits were claimed) until December 27, 1980. The award of wage loss benefits for a period prior to MMI is clearly erroneous, as Section 440.15(3)(b)(l), Florida Statutes, authorizes payment of wage loss benefits only after a claimant reaches MMI.
We note, with disapproval, the de minim-is nature of this error which could have been corrected by the Deputy if proper and timely application had been made by the appellants. See Genuine Parts Company v. Morris, 409 So.2d 156 (Fla. 1st DCA 1982); Acosta Roofing Company v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981).
The appellants also challenged the Deputy’s determination that the claimant conducted an adequate work search. We affirm on this point as there is competent substantial evidence to support this determination.
Accordingly, we amend the Order in this cause to commence wage loss benefits on May 14, 1980. As amended, the Order is AFFIRMED.
MILLS and WENTWORTH, JJ., concur.