WENTWORTH, Judge.
Employer/carrier appeals a workers’ compensation order which we affirm. While a post-hearing deposition suggests that claimant has now reached maximum medical improvement from his industrial injury, the order appealed awards temporary disability benefits to “the date of the last hearing” and thereafter “for as long as [claimant] remains” so disabled. The record on appeal contains competent substantial evidence that claimant was temporarily disabled through the date of the last hearing, and we regard the order’s additional language as surplusage intended to require that employer/carrier comply with the provisions of § 440.15(2)(a), Florida Statutes. As so construed, we find the contested language to be without error. We also note that this issue could more appropriately have been submitted for the deputy’s reconsideration. See Acosta Roofing Co. v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981).
In the order appealed the deputy expressly reserved jurisdiction to determine the date of maximum medical improvement and the extent of any permanent disability. While these issues were not mature and ripe for adjudication as of the date of the last hearing, and the deputy therefore did not err by declining to rule thereon, the proper course is for the deputy to dispose of these issues only upon their submission when mature. Accordingly, the order appealed is hereby amended so as to delete the reservation of jurisdiction as to these issues.
The order appealed is affirmed as amended.
MILLS and THOMPSON, JJ., concur.