PER CURIAM.
This is an appeal from an order awarding wage loss benefits from February 19 through August 18, 1981. Appellants recognize claimant’s substantial and unsuccessful job search but submit she is not entitled to wage loss benefits because she confirmed her ability to work but was unable to find a job which she was capable of performing with her qualifications, citing Ball v. Mann, 75 So.2d 758 (Fla.1954), and Lehigh Corp. v. Byrd, 397 So.2d 1202 (Fla. 1st DCA 1981). We affirm because we conclude that the record substantiates the deputy’s determination, extracted below, that the claimant established a wage loss resulting from the compensable injury.
Claimant is 54 years old with a college degree in English literature. After college, she devoted full time to her family and did not work. Later, she worked as a substitute teacher and as a sales clerk for a few months. At the time of her injury, she was employed as a leasing agent and assistant manager for an apartment house complex. This job required a variety of skills, including some basic familiarity with typing. She fell and injured her left arm at work on July 8, 1980, suffering a comminuted fracture which required surgical repair. The deputy found:
While still in the cast, she attempted to return to work but found herself unable to perform satisfactorily.... [S]he reached maximum medical improvement and had a 10% permanent partial impairment of the left arm. Because of the injured arm, Dr. Hartsfield thought she should avoid work involving frequent lifting or prolonged overhead work. To complicate matters, the Claimant injured her right thumb lifting a suitcase at home. The Claimant stated that her weakened left arm caused her to injure her thumb. ... Claimant tried to get her old job back but was told the position was filled.... Since reaching maximum medical improvement, she has made an extensive and sincere work search. Her old job with the Employer became available. Even though it was known that she was seeking work, no job was offered to her. The Carrier made no attempts at rehabilitation nor job placement. In spite of her efforts, the Claimant has been unable to find work. The Employer/Carrier ... take the position that the Claimant is qualified to do a number of jobs. As such, they contend that she really has not lost any wage earning capacity as a result of her injury.
Under the Workers’ Compensation Act existing before August 1, 1979, the Employer/Carrier’s position would probably merit serious consideration.... F.S. 440.15(3)(b) concerns present entitlement to compensation for permanent injury. The only threshold requirement to entitlement ‘... shall be based on actual wage loss . . . ’ F.S. 440.15(3)(b)2 goes on to say that the measurement of the wage loss is determined to be the amount the Claimant is able to earn after reaching maximum medical improvement and shall be in no case less than the sum actually being earned by the employee, including earnings from sheltered employment. This subsection further requires the Deputy Commissioner to take other factors into consideration, including whether the Claimant has voluntarily limited his or her income .... The current law attempts to bring about a more objective standard tied to the economic impact of the injury upon the Claimant ....
There is little doubt that the Claimant is presently capable of light sedentary work .... [Tjhe question under the present Worker’s Compensation Act is whether her injury has had an economic impact on her ability to work .... The *734 injury took her out of the job market. She has since been unable to return. Her age, previous work experience and her physical impairment have combined to severely handicap her ability to find another job. Theoretically, a new claim arises each month. In this manner, the Employer/Carrier is entitled to review the Claimant’s right to benefits monthly. Likewise, the Claimant remains under some degree of pressure to continue in her pursuit of employment. If she is not permanently and totally disabled, she must constantly make a sincere job search. All parties are thereby afforded some degree of protection from potential abuses under the system.... [T]he Worker’s Compensation Law is not a substitute for unemployment insurance. But, the evidence in this case does not present a picture of a worker who is the victim of an economic slump. The Employer would not hire her back. The employment agency counsellor, ... did not even send her for any job interviews although she was ‘qualified’ for ten or 15 jobs that turned up during the past three months. The only thing that has changed significantly since the Claimant’s injury is her physical impairment. Otherwise, she is the same person who was hired by the Employer and who apparently fulfilled the requirements of her job until the date of her injury. She is entitled to wage loss benefits for the months claimed.
The order properly retained jurisdiction for a separate hearing on fees, and is therefore affirmed.
BOOTH, WENTWORTH and WIGGIN-TON, JJ., concur.