417 So.2d 296 (1982)
DADE AMERICAN HOSPITAL SUPPLY and Kemper Insurance, Appellants,
v.
Manuel PEREZ and the Division of Workers' Compensation, Appellees.
No. AF-239.
District Court of Appeal of Florida, First District.
July 23, 1982.
*297 Summers Warden, Miami, for appellants.
Mark L. Zientz of Williams & Zientz, Coral Gables, for appellees.
PER CURIAM.
Claimant suffered a compensable back injury on October 13, 1978, which led to his eventual termination from employment on September 15, 1980, due to his high incidence of absenteeism. The deputy commissioner awarded temporary total disability benefits for two periods of hospitalization, in June and in August, 1980, and for a third period beginning September 7, 1980, and extending through November 12, 1980, the date of maximum medical improvement. The claimant concedes that the award of temporary total disability benefits after termination of his employment was error in that there was no evidence of a good faith work search during the period following September 15, 1980. The awards of temporary total disability benefits after September 15 and of permanent partial disability benefits based on loss of wage earning capacity accordingly are reversed. An award based on loss of wage earning capacity in excess of physical impairment cannot stand absent a good faith work search. University of West Florida v. Nall, 404 So.2d 381 (Fla. 1st DCA 1981).
Dr. Ortiz testified for the employer/carrier that claimant had a five per cent permanent physical impairment based on the American Medical Association's Guides to the Evaluation of Permanent Impairment (1977) (Guides). Dr. Gilbert, upon whom the deputy relied, testified that claimant had a ten to fifteen per cent permanent anatomical impairment, but he did not consult the Guides. Use of Dr. Gilbert's rating was technical error. Section 440.15(3)(a)3, Florida Statutes (1979). However, this matter could easily have been brought to the deputy's attention during the thirty-day period before the order became final. Section 440.25(4)(a), Florida Statutes (1981); Acosta Roofing Co. v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981). We will not reverse as to such a readily correctable error which was not substantially raised before the deputy. Sunland Hospital/State of Florida v. Garrett, 783 So.2d 415 (Fla. 1st DCA 1982) [1982 FLW 1222]. Cross examination of Dr. Gilbert on his use of the Guides does not constitute substantially raising the issue before the deputy. The award of fifteen per cent permanent physical impairment is affirmed.
The employer/carrier's concern over the timing of the hearing on wage earning capacity diminution under section 440.25(3)(a), Florida Statutes (1978), is extinguished by our reversal of the award based on loss of wage earning capacity. The remaining points raised by the employer/carrier are without merit, and the order is otherwise affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
MILLS, LARRY G. SMITH, and SHAW, JJ., concur.