ROBERT P. SMITH, Jr., Chief Judge.
We affirm the deputy’s order finding that Fedder’s injury on April 14, 1981, is compensable and that he is entitled to temporary total disability benefits payable “at the appropriate compensation rate.”
The carrier contends that, despite the pre-hearing stipulation outlining several issues ripe for determination, counsel stipulated orally before the deputy that only compensability would be determined at the hearing here reviewed. There was indeed some conversation to that effect before the deputy, but claimant’s counsel went beyond any self-imposed restriction, inquiring of witnesses without objection into claimant’s medical care and his recent work history. The deputy’s order for payment of temporary total disability benefits, in an amount to be determined by the parties independently or by the deputy in a later hearing, was responsive to that evidence.
Were we now to sustain the carrier’s view that the hearing was limited to the compensability issue, we should now be obliged, after reviewing the evidence on that issue, to dismiss the appeal as interlocutory. We decline to waste the judicial labor already invested in reviewing the carrier’s appeal, by taking a restricted view of the hearing which the carrier did not protect during the hearing and did not attempt to enforce, through application to the deputy for correction of a claimed oversight, after the order was entered. Sunland Hospital/State of Florida v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982); Genuine Parts Co. v. Morris, 409 So.2d 156 (Fla. 1st DCA 1982); Acosta Roofing Co. v. Gillyard, 402 *734 So.2d 1321 (Fla. 1st DCA 1981). Nor has the carrier alleged on appeal any prejudice as a result of the deputy’s actions.
AFFIRMED.
SHIVERS and THOMPSON, JJ., concur.