420 So.2d 363 (1982)
B & J WINDOWS and Nationwide Insurance Co., Appellants,
v.
Billie SWEITZER, Appellee.
No. AG-259.
District Court of Appeal of Florida, First District.
October 8, 1982.
B.C. Pyle of Whittaker, Pyle, Stump & Webster, P.A., Orlando, for appellants.
Edward H. Hurt of Hurt & Parrish, P.A., Bill McCabe of Shepherd, McCabe & Cooley, Orlando, for appellee.
*364 SHAW, Judge.
The employer/carrier appeal a workers' compensation order awarding temporary benefits, wage loss, and an attorney's fee predicated upon carrier bad faith.
Portions of the record are inaudible, but it is clear that the claimant was restricted by Dr. Newfield to part-time work which the claimant sought unsuccessfully in her home town. Ms. Sherry Ferber, a vocational rehabilitation specialist, reported that the only part-time work she was able to find within the claimant's limitations was in New Smyrna Beach, twenty miles from the claimant's home. The deputy commissioner obviously concluded that it was not incumbent upon an injured worker to accept part-time employment twenty miles from her home, necessitating a daily round trip of forty miles. We agree and conclude that wage loss was properly awarded under these facts. However, paragraph three of the decretal portion of the order should be modified to read, "so long as the claimant continues to lose wages as a result of her inability to obtain or keep employment due to her industrial injury," instead of, "so long as claims for wage loss benefits are filed."
The carrier asserts that the deputy erred in excluding claimant's non-covered employment from consideration for purposes of determining the amount of wage loss benefits due during the months of January through March of 1981. This is a matter that could have, and should have, been brought to the deputy's attention within twenty days after copies of the order were mailed to the parties as provided for by section 440.25(4)(a), Florida Statutes (1979). The issue not having been presented to the deputy, we will not consider it now. Dade American Hospital Supply v. Perez, 417 So.2d 296 (Fla. 1st DCA 1982); Sunland Hospital/State of Florida v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982); Acosta Roofing Co. v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981).
The carrier's denial of benefits in the face of unrefuted medical evidence that the claimant could engage only in part-time work, which she was unable to find within a reasonable distance from her home, affords a basis for the deputy's award of attorney's fees. We do not find a clear abuse of discretion. Florida Erection Services, Inc. v. McDonald, 395 So.2d 203 (Fla. 1st DCA 1981).
The award, as modified, is AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and ERVIN, J., concur.