431 So.2d 685 (1983)
CHAIN STORE WAREHOUSES and Aetna Insurance Co., Appellants,
v.
Edward PICARD, Appellee.
No. AN-209.
District Court of Appeal of Florida, First District.
May 6, 1983.
Rehearing Denied June 7, 1983.
*686 Susan J. Silverman, of Marlow, Shofi, Ortmayer, Smith, Connel & Valerius, Miami, for appellants.
Alfred Kreisler, Miami, for appellee.
ROBERT P. SMITH, Jr., Chief Judge.
The record underlying this $6,000 award of wage-loss benefits and interest evidences a near-total failure of processes intended to discipline the administration of chapter 440. After Picard returned to work in April 1980, upon medical discharge from treatment for compensable fractures of his left arm and sacrum a month earlier, claimant was discharged by his employer, Chain Store Warehouses, because "I wasn't doing my duties the way I was doing them before," due to his painful arm. Notwithstanding his 15 percent permanent impairment rating, the Chain Store Warehouses and carrier Aetna neglected to advise Picard in timely fashion of his possible entitlement to wage-loss benefits until August 1980. For that delay the deputy excused Picard's late filing of accumulated wage-loss claims more than a year later, in September 1981; the propriety of that order is not raised by this appeal. After his discharge in May 1980, Picard did not work for 14 months. He secured new employment in July 1981.
In support of Picard's wage-loss claim, the qualifying testimony elicited by Picard's lawyer, at the February 1982 hearing before the deputy, was remarkably vague:
Q. And you say you kept looking for work the whole time during that period until you 
A. I was looking for a job. I had to support my family.
.....
Q. Were you turned down anyplace?
A. Sure, a lot of places.
Claimant further testified that he sought placement from the Florida State Employment Service. The direct examination continued:
Q. And where else did you look?
A. Everywhere. I went so many places, I can't remember.
Were we to give strict retroactive application to the standards for such testimony later stated in Regency Inn v. Johnson, 422 So.2d 870, 877 (Fla. 1st DCA 1982), and Conshor, Inc. v. Barnhart, 422 So.2d 946, 947 n. 1 (Fla. 1st DCA 1982),[1] Picard's testimony would be judged insufficient. Yet *687 Aetna's lawyer did not cross-examine Picard concerning the extent of his work search,[2] nor did he raise on the record before the deputy, by objection, motion or argument of any kind, the insufficiency in claimant's testimony complained of here. For his part, the deputy acquiesced in the dubious standards so established by awarding wage-loss benefits without any kind of finding that Picard's work search was adequate under the circumstances.
Aetna's having failed to monitor Picard's work search during the 14 months in which he allegedly pursued it, that being Aetna's fault in neglecting to give Picard notice that would have required more seasonable filings of wage-loss claims;[3] Picard's lawyer's having failed to prepare Picard to testify intelligibly concerning that issue; Aetna's lawyer's having failed to cross-examine or otherwise point up the claimed insufficiencies of that testimony; and the deputy's having failed to express a finding on that issue, we are asked, as one might appropriately ask the forum of first instance, to declare the award insufficiently supported by evidence. Though we are sorely tempted, the need to preserve our role as a court of review, limited to deciding issues of law first presented to a deputy, requires that the award be affirmed for want of a significant contest on the issue below. Stafford Electric Co. v. Fedder, 419 So.2d 733 (Fla. 1st DCA 1982); Sunland Hospital/State of Florida v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982); see also D & J Windows v. Sweitzer, 420 So.2d 363 (Fla. 1st DCA 1982); Dade American Hospital Supply v. Perez, 417 So.2d 296 (Fla. 1st DCA 1982); Acosta Roofing Co. v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981).
AFFIRMED. Appellee's motion for an appellate attorney's fee is DENIED. § 440.34, Fla. Stat. (1979).
SHIVERS and WIGGINTON, JJ., concur.
NOTES
[1] Conshor stated that the "minimum evidentiary standards for proof of an adequate and good faith work search," implied by Regency Inn, "should include the names of the businesses contacted, the type of work sought, the number of contacts made, and the time frame within which work was sought." These standards were derived from a statement of evidentiary insufficiencies in Milex Southern Medical, Inc. v. Osuna, IRC order 2-3763 (1979), cert. den., 383 So.2d 1200 (Fla. 1980), a commission decision antedating the 1979 amendments to chapter 440, and were accompanied in Regency Inn by a cautionary statement, 422 So.2d at 877-78:

There are, of course, an infinite number of facts and circumstances which may bear upon the adequacy or good faith of a work search, but the mere articulation of some work search deficiency under the facts of a particular case does not convert that element into an essential evidentiary requirement to be met by affirmative proof in every case.
[2] Aetna's counsel did object on hearsay grounds, to Picard's relating statements by prospective employers to the effect that Picard was physically disabled to perform work they might otherwise have offered. The deputy sustained Aetna's objections on this score. We intimate no view of the propriety of this ruling, which was not argued.
[3] Regency Inn, 422 So.2d at 878 n. 7:

[T]he duration and amount of wage loss claims of any injured employee will vary in direct proportion to the extent to which employers and carriers realistically accept the obligation to rehabilitate, if necessary, and to otherwise aid in the reemployment of the injured worker. See, Holiday Care Center v. Scriven, 418 So.2d 322 (Fla. 1st DCA 1982); Trend Management, Inc. v. Boyd, 417 So.2d 732 (Fla. 1st DCA 1982); Hurricane Fence Industries v. Bozeman, 413 So.2d 822 (Fla. 1st DCA 1982); Viking Sprinkler Co. v. Thomas, 413 So.2d 816 (Fla. 1st DCA 1982).