433 So.2d 1298 (1983)
POLK COUNTY BOARD OF COUNTY COMMISSIONERS and Commercial Risk Management, Inc., Appellants,
v.
Donald PATTERSON, Appellee.
No. AP-120.
District Court of Appeal of Florida, First District.
June 30, 1983.
David J. Williams of Lane, Trohn, Bertrand & Williams, P.A., Lakeland, for appellants.
Michael B. Murphy of Stanley, Wines, Bennett, Murphy & Spanjers, P.A., Auburndale, for appellee.
ROBERT P. SMITH, Jr., Chief Judge.
In this workers' compensation appeal the employer and servicing agent contend that claimant is not entitled to vocational rehabilitation benefits under section 440.49(1)(a), Florida Statutes (1980), for the reason, among others, that he has not been assigned a permanent impairment rating under the AMA Guidelines. We disagree, for nothing in section 440.49(1)(a) makes such a rating a condition precedent to an award of rehabilitation benefits. Compare §§ 440.15(3)(a)3, 440.15(3)(b)1, Fla. Stat. (1980), requiring such ratings in connection with the award of permanent impairment and wage-loss benefits.
While claimant has as yet no impairment rating under the AMA Guidelines, the record supporting the deputy's order shows that claimant "has suffered an injury covered by this chapter and it appears that the injury will preclude the employee from earning wages equal to wages earned prior *1299 to the injury." Sec. 440.49(1)(a). Claimant is not to lift anything heavier than fifty pounds singularly or twenty pounds repeatedly; he must change positions frequently in order to avoid muscle fatigue; and he is medically advised to avoid bending or twisting his spine under stress while in a stooped position. Claimant was operating mowing equipment when injured and previously his livelihood was in other like jobs that are now beyond his capabilities or cannot be found in the Polk County area where claimant resides. Moreover, the deputy found, and the evidence sustains his view, that claimant attempted to return to his former position as a general purpose maintenance man but was unable to continue due to his back condition. Viewing these facts in a light most favorable to sustaining the deputy's order, as we must, we approve the deputy's award of vocational rehabilitation to train claimant in other work.
Appellants also contend that the deputy erred in assessing attorney's fees pursuant to section 440.34(3)(b), Florida Statutes (1980). Despite the concession in claimant's brief that the parties did not specifically litigate claimant's entitlement to attorney's fees on account of the employer's or servicing agent's bad faith handling of claimant's request for rehabilitation benefits, the claim, notice of hearing and prehearing stipulation raised that issue, and the deputy reasonably considered the testimony of certain named witnesses as directed to that issue. If the deputy's ruling upon that issue was unintended by the parties, or was otherwise inadvertent, that oversight might and should have been brought to the deputy's attention within 30 days after the order was mailed, before it became final. § 440.25(4)(a), Fla. Stat. (1981); see, e.g., B & J Windows v. Sweitzer, 420 So.2d 363 (Fla. 1st DCA 1982); Dade American Hospital Supply v. Perez, 417 So.2d 296 (Fla. 1st DCA 1982); Acosta Roofing Co. v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981). There is no other error.
AFFIRMED.
WENTWORTH and ZEHMER, JJ., concur.