JOANOS, Judge.
In this workers’ compensation case, appellant raises two issues regarding the amount of the attorney’s fee awarded by the deputy commissioner. First, appellant contends the award must be reversed because the deputy, in determining the amount of the fee, relied on an affidavit that is mathematically incorrect and not based on competent substantial evidence. The errors complained of could easily have been corrected had they been brought to the deputy’s attention within thirty days of rendition of the order, see Section 440.25(4)(a), Florida Statutes; Polk County Board of County Commissioners v. Patterson, 433 So.2d 1298 (Fla. 1st DCA 1983); Dade American Hospital Supply v. Perez, 417 So.2d 296 (Fla. 1st 1982); Sunland v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982); Acosta Roofing Co. v. *716 Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981). Therefore we affirm.
Appellant also contends the deputy erred in departing from the statutory schedule for attorneys fees, however, the deputy indicated in the order that he considered all of the relevant, prescribed factors to the extent circumstances permitted, see Roundtree Transport, Inc. v. Godek, 412 So.2d 66 (Fla. 1st DCA 1982).
The order appealed is AFFIRMED.
WIGGINTON and ZEHMER, JJ., concur.