454 So.2d 16 (1984)
Michael RICHMOND, Appellant,
v.
GENERAL ENGINEERING ENTERPRISES CO., a Florida Corporation, Appellee.
No. 83-2937.
District Court of Appeal of Florida, Third District.
July 17, 1984.
Rehearing Denied September 14, 1984.
*17 Welbaum, Zook, Jones & Williams and John D. Weatherford, Miami, for appellant.
No appearance for appellee.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
SCHWARTZ, Chief Judge.
Richmond sued for money damages based on the alleged "negligence" of the defendant-appellee in permitting branches of a ficus tree growing on its property to extend over and onto the next lot where the plaintiff's home was located. We affirm the trial court's dismissal of the complaint.
While there is substantial authority to the contrary, which may indeed represent the majority rule, cases collected, 2 C.J.S. Adjoining Landowners § 53, n. 37 (1972), we agree with those decisions which hold that in view of the undoubted right of the landowner himself to cut off intruding roots or branches at the property line, 2 C.J.S. Adjoining Landowners § 52 (1972),[1] no such action may be maintained. Sterling v. Weinstein, 75 A.2d 144 (D.C. 1950); Michalson v. Nutting, 275 Mass. 232, 175 N.E. 490 (1931); Norwood v. City of New York, 95 Misc.2d 55, 406 N.Y.S.2d 256, 258 (Civ.Ct. 1978); Mead v. Vincent, 199 Okla. 508, 187 P.2d 994 (1947); Granberry v. Jones, 188 Tenn. 51, 216 S.W.2d 721 (1949); see Knepper v. Slovak, 31 Fla. Supp. 131 (15th Cir.Ct. 1968). It seems to us that the recognition of an action of this type to redress a claimed wrong which might otherwise be obviated by the time-honored remedy of self-help would represent a wasteful and needless use of the judicial system. See Kirou v. Oceanside Plaza Condominium Association, Inc., 425 So.2d 650 (Fla.3d DCA 1983).
Affirmed.
NOTES
[1] We do not consider whether the reasonable expenses so incurred are recoverable. See Olson v. Westerberg, 2 Ill. App.2d 285, 119 N.E.2d 413 (1954).