PER CURIAM.
The only issue preserved for review is whether the deputy commissioner erred in ruling that claimant’s involuntary confinement and hospitalization at North Florida Evaluation and Treatment Center (NFETC), and Florida State Hospital at Chattahoochee, are compensable under Section 440.13, Florida Statutes (1979). We affirm the deputy’s finding of causal relationship as it is based on competent, substantial evidence in the record.
Claimant, a prison guard, suffered organic brain syndrome from being beaten on the head with a lead pipe by an inmate. While claimant had exhibited some antisocial tendencies prior to the injury, he was able to lead a functional organized existence. As a result of his industrially caused trauma, he lost his impulse control, and was rendered incapable of comporting himself in open society in any kind of rational manner. He was arrested on several criminal charges but was determined to be incompetent to stand trial and was involuntarily hospitalized at NFETC. After a period of hospitalization, he was released. He pled guilty to one of the criminal charges and was placed on probation. During his probation, claimant’s aberrant behavior continued. He was found not guilty of violating his probation by reason of insanity and involuntarily hospitalized at Chattahoochee where he remains. The testifying psychiatrist and psychologist agreed that claimant’s industrial accident aggravated and accelerated his pre-existing propensities causing increased symptoms of antisocial behavior which resulted in his criminal activities. Accordingly, the deputy was justified in concluding that claimant’s criminal actions — which ultimately resulted in his court-ordered confinements at NFETC and Chattahoochee — were the direct result of the brain damage suffered as a consequence of the blows to his head while employed with Union Correctional Institution.
We note in passing that the mental institutions involved are public institutions which would ordinarily absorb the cost of claimant’s treatment should he be determined indigent (and with no outside insurance source). However, the authority of these institutions to charge and collect medical costs in connection with confinement and treatment of individuals under criminal charges lawfully committed to them is unchallenged here. We also find that appellants have furnished no legal basis for their contention that the cost of claimant’s treatment is not recoverable under the workers’ compensation law. Claimant’s injury was clearly compensable, and the resulting medical treatment is shown by ample evidence to be causally related to the injury. Finally, we find that other issues sought to be argued here, including questions concerning lack of authorization by the employer for the treatment provided, and deficiencies in the billing process *5 followed by the institutions providing care to the claimant, were not sufficiently presented and preserved for review below, Chain Store Warehouses v. Picard, 431 So.2d 685 (Fla. 1st DCA 1983), nor raised within the thirty (30) day period following entry of the deputy’s order. Acosta Roofing Co. v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981).
AFFIRMED.
BOOTH, C.J., and SMITH and WENT-WORTH, JJ., concur.