512 So.2d 215 (1987)
Gretchen GALLO, Appellant,
v.
David HELLER and Beverly Heller, His Wife, Appellees.
No. 86-1654.
District Court of Appeal of Florida, Third District.
July 21, 1987.
*216 Jerry A. Burns, for appellant.
Brian R. Hersh and Mitchell Panter, for appellees.
Before HUBBART, BASKIN and FERGUSON, JJ.
PER CURIAM.
This is an appeal by the plaintiff Gretchen Gallo from a final order dismissing her complaint which seeks injunctive relief and monetary damages against her next door neighbors David and Beverly Heller in a dispute arising over certain trees growing on the Hellers' property. We affirm based on the following briefly stated legal analysis.
First, the plaintiff alleges in her complaint that the branches and roots of the Hellers' Ficus and Melaleuca trees have encroached onto the plaintiff's property, causing certain damages, to wit: (a) the tree branches have damaged the plaintiff's roof and house, (b) the tree roots have caused the plaintiff's cement walkway to crack, (c) the leaves of the Melaleuca tree have dropped on the plaintiff's property causing plaintiff's pet Afghan hound to contract a severe allergy, (d) the trees' branches have shaded the plaintiff's property causing certain of the plaintiff's vegetation to die.
Second, the rule at common law and the majority rule in this country, which is followed in Florida, is that a possessor of land is not liable to persons outside the land for a nuisance resulting from trees and natural vegetation growing on the land. The adjoining property owner to such a nuisance, however, is privileged to trim back, at the adjoining owner's own expense, any encroaching tree roots or branches and other vegetation which has grown onto his property. Richmond v. General Eng'g Enters. Co., 454 So.2d 16 (Fla. 3d DCA 1984); Knepper v. Slovak, 31 Fla. Supp. 131 (Fla. 15th Cir.Ct. 1968); see Sterling v. Weinstein, 75 A.2d 144 (D.C. 1950); Schwalbach v. Forest Lawn Memorial Park, 687 S.W.2d 551 (Ky. Ct. App. 1985); Melnick v. C.S.X. Corp., 68 Md. App. 107, 510 A.2d 592 (Ct.Spec.App. 1986), cert. granted, 307 Md. 753, 517 A.2d 102 (1986); Michalson v. Nutting, 275 Mass. 232, 175 N.E. 490 (1931) (leading case); Hasapopoulos v. Murphy, 689 S.W.2d 118 (Mo. Ct. App. 1985); Loggia v. Grobe, 128 Misc.2d 973, 491 N.Y.S.2d 973 (Dist.Ct. 1985); Restatement (Second) of Torts § 840 (1965). The underlying rationale for this well-settled law is that
"[I]t is wiser to leave the individual to protect himself, if harm results to him from this exercise of another's right to use his property in a reasonable way, than to subject that other to the annoyance, and the public to the burden, of actions at law, which would be likely to be innumerable and, in many instances, purely vexatious."
Michalson v. Nutting, 275 Mass. 232, 175 N.E. 490, 491 (1931).
Third, based on the above-stated law, it is clear that the plaintiff's complaint was properly dismissed below for failure to state a cause of action. The complaint claims certain damages for a nuisance allegedly created by the trees growing on the defendant's land, and, plainly, such damages *217 are not recoverable under the established law in this state.
Affirmed.