NIMMONS, Judge.
The deputy commissioner’s appealed order denying compensation benefits was prematurely entered and must be reversed for further proceedings.
After the presentation of testimony and evidence on June 3,1986, the attorneys for the respective parties and the deputy agreed to the need for further hearing on a subsequent date to be scheduled later on. The testimony of two doctors and the claimant were to be taken when the hearing reconvened. Instead, the deputy, without further notice or proceedings, entered on October 27, 1986, the appealed order adjudicating the merits adverse to the claimant.
We reject appellees’ argument that claimant waived his right to raise the above issue because of his failure to attempt to have the deputy’s erroneous action rectified within the 30-day period before the order became final under Section 440.-25(4)(a), Florida Statutes (1985). Compare e.g. Florida Refrigerated Service v. Meeks, 470 So.2d 820 (Fla. 1st DCA 1985); Acosta Roofing Company v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981).
In view of the need for reversal on the above ground, we do not address appellant's other ground in which he challenges the deputy’s finding that appellant reached maximum medical improvement on June 19, 1984.
REVERSED and REMANDED.
WENTWORTH and ZEHMER, JJ., concur.