## REES v COCHRAN
Case No. 89-3619CA

Sixth Judicial Circuit, Pasco County

May 2, 1990

#### APPEARANCES OF COUNSEL

**Alan Scott Miller, Esquire,** for plaintiff.

**Brent A. Owens,** Esquire, for defendant.

### OPINION OF THE COURT

W. LOWELL BRAY, JR., Circuit Judge.

#### *ORDER DENYING MOTION TO DISMISS*

THIS MATTER comes on to be heard on the defendant's Motion to Dismiss Plaintiff's Amended Complaint for failure to state a cause of action.

The question before the Court is whether a landowner can be held liable for damages caused when a tree, which he knows or should know is defective, located on his property in an urban area falls on his neighbor's property. This appears to be a case of first impression in Florida.

Numerous cases in Florida recites the traditional rule that the owner of land is under no affirmative duty to remedy conditions of purely

natural origin upon his land. However, a careful analysis of Florida cases involving trees shows that they can be classified in the following manner:

## I. Premises Liability

The court in *Meyer v Torrey*, 452 So.2d 672 (Fla. 2d DCA 1984) found no liability when a child, social guest, was injured by the thorns of a palm frond, but noted that a landowner had two duties to invitees:

(1) to use reasonable care in maintaining the premises in a reasonably safe condition; and

(2) to give the invitee warning of concealed perils which are or should be known to the landowner, and which are unknown to the invitee and cannot be discovered by him through the exercise of due care.

## II. Obstruction of View (no encroachment)

At least two cases have considered suits where trees or foliage located entirely on the defendant's property obstructed the view of drivers on a public street or highway and caused or contributed to an accident.

In *Evans v Southern Holding Corporation*, 391 So.2d 231 (Fla. 3d DCA 1981), the plaintiff alleged that high weeds and stored heavy equipment on the defendant's property, near a street intersection, obstructed a driver's view and caused an accident. The Court refused to impose on the landowner a duty to maintain his property so that a motorist's view of intersecting traffic was not obstructed.

*Pedigo v Smith*, 395 So.2d 615 (Fla. 5th DCA 1981), involved a tree which grew on the defendant's property and obstructed motorist's view of a stop sign. While the Court recited the usual litany of "no duty to remedy conditions of purely natural origin on land," it impliedly recognized possible liability when it ruled " . . . the negligence of motorists who collide at intersections intervenes and supersedes that of private property owners of natural vegetation, in the absence of some statutory or ordinance violation." (Page 617).

See also *Bassett v Edwards*, 30 So.2d 374 (Fla. 1947).

## III. Encroachment

### a) Enroachment Obstructing View on Public Right-of-Way

The Fifth District Court of Appeals has considered two cases in which plants growing on the defendant's property have encroached onto a public right-of-way and obstructed the view of motorists. *Morales v Costa*, 417 So.2d 297 (Fla. 3d DCA 1983) and *Armas v*

186

*Metropolitan Dade County,* 429 SO.2d 59 (Fla. 3d DCA 1983). In both cases, the court held that the landowner could be held liable because the users of a public right-of-way have a right to expect it will not be unreasonably obstructed.

b) Enroachment on Public Roadway (roots)

In *Sullivan v Silver Palm Properties, Inc.,* 15 FLW S122 (Fla. 1990), the Florida Supreme Court considered the duty imposed in *Morales* and *Armas,* they agreed with the holding of these cases, but refused to impose a duty on a landowner to undertake root trenching or tree topping in anticipation that subterranean growth might alter the surface of a public right-of-way. Analogizing between roots affecting streets and cases (from other states) involving roots affecting sidewalks, the court noted it was the responsibility of the municipality not the abutting owner to maintain the street and that the relationship between the tree owner and the injury or damage was too remote to impose liability (Page S123).

c) Enroachment on Adjacent Property

In *Richmond v General Engineering Enterprises co.,* 454 So.2d 16 (Fla. 3d DCA 1984), plaintiff sued for money damages alleging the defendant's ficus tree branches extending over the lot where the plaintiff's home was located. The plaintiff in *Gallo v Heller,* 512 So.2d 215 (Fla. 3d DCA 1987), sued for injunctive relief claiming that the roots and branches of the defendant's ficus and melaleuca trees encroached onto her property causing damages to the plaintiff's roof and house, her cement walkway, her vegetation, and her Afghan Hound. In both cases the Third District Court of Appeals affirmed orders dismissing the complaints. The rationale of the court was that the adjacent property owner had the privilege to trim back any encroaching tree roots or branches and other vegetation which had grown onto her property and that

> [I]t is wiser to leave the individual to protect himself, if harm results to him from this exercise of another's right to use his property in a reasonable way, than to subject that other to the annoyance, and the public to the burden, of actions at law, which would be likely to be innumerable and, in many instances, purely vexatious.

See also *Knepper v Slovak,* 31 Fla. Supp. 131 (1968).

Clearly, none of these cases are directly on point, nor does the rationale behind the rulings appear to be applicable to the question at hand. This case is not one of premises liability, nor is it one in which the plaintiff can protect himself since he has no right to go onto his

187

neighbor's property to inspect or correct situations there. Nor is there a governmental agency with a duty to correct any dangerous condition. The uniqueness of the facts of this case come from the fact that the dangerous condition rests completely within the control of the property owner until it suddenly causes injury or damage to one located *off* the premises. The courts of approximately ten other states, including our sister state of Georgia, have found liability in similar fact situations (see 54 ALR 4th 530).

The right to use and own property is one highly regarded and jealously protected by the law of this state. However, when the use of one citizen's property results in injury or danger to the property of his neighbor, the burden must be placed on the property owner who is best able to foresee and prevent the loss. The issue of an owner's right to use his property was addressed by Justice Whitfield in *Cason V Florida Power Co.,* 76 So.2d 535 (Fla. 1917) as follows:

> The inalienable rights that all men have of acquiring, possessing, and protecting property under the Constitution is subject to the implied limitation imposed by the principles of government deduced from the organic law that human rights and obligations are reciprocal among individuals, and that by due course of law private rights yield to the requirements of the public welfare.

> All property is owned and used subject to the laws of the land. Under our system of government property may be used as its owner desires within the limitations imposed by law for the protection of the public and private rights of others. Those who own real estate may use it as desired so long as the rights of others are not thereby invaded. And there is no such invasion when the use is authorized by law and is reasonable with reference to the rights of others. Legality and reasonableness in the use of property, as such use affects the public and private rights of others, mark the limitations of the owner's rights. The reasonableness of the use of property by its owner must of necessity be determined from the facts and circumstances of particular cases as they arise, by the application of appropriate provisions or principles of law and the dictates of mutual or reciprocal justice.

Based upon the principles of the law set out above and the reasoning of the courts in our sister states, this Court holds as follows:

A landowner in an urban area has a duty to exercise reasonable care to prevent unreasonable risk of damage to adjoining property arising from defective or unsound trees on the premises.

Consequently, the Motion to Dismiss is denied.

The Court is not unaware that this ruling places one more burden on the property owners of this state who may already consider themselves over-restricted, over-regulated, over-taxes, and generally over-burdened. However, as our states moves from a rural to an urban area at the rate of 900 additional souls per day, the probability that our actions or failures to act will injure our neighbor increases at an even faster rate. Consequently, the law must develop to recognize the new reality and apportion the increased risk equitably, even if this requires recognizing a duty never articulated in Florida before.

**DONE AND ORDERED** in Chambers, at New Port Richey, Pasco County, Florida, this 2nd day of May, 1990.