WARNER, J.
 

 We affirm the trial court’s dismissal with prejudice of appellant’s complaint for damages to her property which she alleged were caused by overhanging branches and roots of her neighbor’s trees encroaching on her property. She also alleged damages resulting from her removal of the portions of her neighbor’s tree intruding on her property. The trial court dismissed the complaint based upon
 
 Gallo v. Heller,
 
 512 So.2d 215, 216 (Fla. 3d DCA 1987), in which the appellate court stated the common law rule as follows:
 

 [A] possessor of land is not liable to persons outside the land for a nuisance resulting from trees and natural vegetation growing on the land. The adjoining property owner to such a nuisance, however, is privileged to trim back, at the adjoining owner’s own expense, any encroaching tree roots or branches and other vegetation which has grown onto his property.
 

 The rationale for this conclusion was that it was wiser to leave the individual to protect himself than to subject the other to the annoyance of actions at law which would likely be innumerable.
 
 Id.
 

 Appellant acknowledges that
 
 Gallo
 
 states the prevailing law but requests that we take a different course. We decline, finding that the
 
 Gallo
 
 view is the predominant view in the country.
 
 See Encroachment of Trees, Shrubbery, or Other Vegetation Across Boundary Line,
 
 65 A.L.R.4th 603 (1988). We agree that departing from the precedent would invite further litigation between neighbors on this issue, which as a public policy matter should be avoided.
 

 Affirmed.
 

 TAYLOR and MAY, JJ., concur.