EVANDER, J.
David Bencivenga seeks second-tier cer-tiorari review of a final order entered by the circuit court in its appellate capacity. The underlying proceeding was a code enforcement action concerning a parcel of developed real property owned by Benci-venga. In the original proceeding before the Code Enforcement Board (“CEB”), Osceola County alleged a violation of its ordinances and a violation of the Florida Building Code, stemming from Benciven-ga’s failure to obtain building permits for four structures on the property. Benci-venga did not dispute that the structures were constructed without building permits, but maintained that pursuant to section 604.50, Florida Statutes (2008),[1] the construction of the structures did not require building permits. At the conclusion of the CEB hearing, the Board found in favor of Osceola County. Bencivenga then appealed the CEB order to the circuit court. The circuit court affirmed the order, holding that Bencivenga was afforded procedural due process, the Board’s findings and conclusion did not depart from the essential requirements of law, and the findings and conclusion were based on competent, substantial evidence. Benci-venga now seeks second-tier certiorari review in this court.
Where a party seeks appellate review of an administrative action, the circuit court must determine: (1) whether procedural due process was afforded, (2) whether the essential requirements of the law were observed, and (3) whether the administrative findings and judgment are supported by competent, substantial evidence. City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982). On second-tier certiorari review, the district court of appeal is limited to determining whether the circuit court afforded procedural due process and applied the correct law. Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995). Significantly, this court cannot, as Bencivenga implicitly requests, second-guess the circuit court as to whether the CEB’s decision was supported by competent, substantial evidence.
The standard of review for certiorari in the district court effectively eliminates the substantial competent evidence component.
Haines City, 658 So.2d at 530.
Although we may be sympathetic to some of Bencivenga’s arguments, the limited scope of second-tier certiorari review compels us to deny the petition.
*1037 PETITION FOR WRIT OF CERTIO-RARI DENIED.
TORPY, C.J. and LAWSON, JJ., concur.

. § 604.50 Nonresidential farm buildings.—
Notwithstanding any other law to the contrary, any nonresidential farm building is exempt from the Florida Building Code and any county or municipal building code. For purposes of this section, the term "nonresidential farm building” means any building or support structure that is used for agricultural purposes, is located on a farm that is not used as a residential dwelling, and is located on land that is an integral part of a farm operation or is classified as agricultural land under s. 193.461. The term "farm” is as defined in s. 823.14.