# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-3182
_____

BARBARA BALZER,

    Petitioner,

    v.

CINDY RYAN and HOYT
MAXWELL, dba NORTH FLORIDA
DECORATIVE CONCRETE,

    Respondents.

_____

Petition for Writ of Certiorari—Original Jurisdiction.

December 31, 2018

WETHERELL, J.

In this second-tier certiorari proceeding, Petitioner seeks review of a circuit court appellate decision holding that Respondents are not liable for damaging a tree on Petitioner's property when they cut some of the tree's roots that had encroached onto Respondent Cindy Ryan's property. Because the circuit court's decision does not violate any clearly established principle of law, we deny the petition for writ of certiorari.

## **Factual and Procedural Background**

A large pine tree stood on Petitioner's property near the boundary between her and Ms. Ryan's properties. The tree's roots encroached onto Ms. Ryan's property, damaging the sewer line

that ran under her driveway. To fix the sewer line, the driveway had to be removed and replaced, and Ms. Ryan hired Respondent Hoyt Maxwell to do that work. While removing the driveway, Mr. Maxwell cut some of the encroaching tree roots. Although this did not kill the tree, it undermined the tree's structural integrity and increased the risk that the tree might someday fall on Petitioner's house. Accordingly, Petitioner paid to have the tree removed.

Petitioner sued Respondents in county court to recover the costs of removing the tree. After a nonjury trial, the county court entered a final judgment awarding Petitioner only a portion of the costs she incurred. Petitioner appealed the judgment to the circuit court, arguing that the county court erred by not awarding all of her costs. Respondents cross-appealed the judgment, arguing that the county court erred in finding them liable to Petitioner for damaging the tree because Ms. Ryan had the right to cut the tree roots that encroached onto her property.

The circuit court reversed the judgment. The court reasoned that because Petitioner could not be compelled to pay for the damage to Ms. Ryan's sewer line caused by the encroaching tree roots, she likewise had no cause of action against Ms. Ryan if the tree was damaged when Ms. Ryan exercised her "privilege" to cut the roots encroaching onto her property. The court remanded the case for entry of a final judgment dismissing Petitioner's claim against Respondents with prejudice.

Petitioner sought review of the circuit court's decision by filing a petition for writ of certiorari in this court.

## Legal Analysis

The scope of our review in this second-tier certiorari proceeding is extremely narrow. *See Custer Med. Ctr. v. United Auto. Ins. Co.*, 62 So. 3d 1086, 1092 (Fla. 2010). Where, as here, it is undisputed that the circuit court afforded the parties procedural due process, our review is limited to determining whether the court's decision "departed from the essential requirements of law." *Id.* A departure from the essential requirements of law requires something more than mere legal error; it requires a violation of a "clearly established principle of law" resulting in a miscarriage of justice. *Id.* Clearly established law can derive from controlling

2

precedent,[1] but if there is no controlling precedent, "certiorari relief cannot be granted because '[w]ithout such controlling precedent, [a district court] cannot conclude that [a circuit court] violated a clearly establish[ed] principle of law.'" *Dep't of Highway Safety & Motor Vehicles v. Edenfield*, 58 So. 3d 904, 906 (Fla. 1st DCA 2011) (brackets in original) (quoting *Ivey v. Allstate Ins. Co.*, 774 So. 2d 679, 682 (Fla. 2000)); *see also Nader v. Dep't of Highway Safety & Motor Vehicles*, 87 So. 3d 712, 723 (Fla. 2012) (explaining that "certiorari jurisdiction cannot be used to *create* new law where the decision below recognizes the correct general law and applies the correct law to a new set of facts to which it has not been previously applied") (emphasis in original).

Under Florida law, it is well-established that an owner of a healthy tree is not liable to an adjoining property owner for damage caused by encroaching tree branches or roots, but the adjoining property owner "is privileged to trim back, at [his] own expense, any encroaching tree roots or branches . . . which has grown onto his property." *Gallo v. Heller*, 512 So. 2d 215, 216 (Fla. 3d DCA 1987); *see also Scott v. McCarty*, 41 So. 3d 989 (Fla. 4th DCA 2010) (noting that *Gallo* reflects the predominate view around the country) (citing *Encroachment of Trees, Shrubbery, or Other Vegetation Across Boundary Line*, 65 A.L.R. 4th 603 (1988)).

The issue in this case, however, is whether the adjoining property owner is liable to the tree owner when the self-help remedy authorized by *Gallo* causes damage to the tree. There is conflicting authority on this issue in other states,[2] but we have

---

[1] Clearly established law can also derive from "rules of court, statutes, and constitutional law," *see Allstate Ins. Co. v. Kaklamanos*, 843 So. 2d 885, 890 (Fla. 2003), but Petitioner has not argued that the circuit court's decision violates any rule, statute, or constitutional provision.

[2] *Compare Mustoe v. Ma*, 371 P.3d 544 (Wash. Ct. App. 2016) (holding that landowner does not owe a duty of care to prevent damage to neighbor's tree when cutting roots that are encroaching onto the landowner's property) *with Brewer v. Dick Lavy Farms, LLC*, 67 N.E.3d 196 (Ohio Ct. App. 2016) (holding that landowner exercising his right to cut encroaching branches from his

3

found no Florida case addressing the issue.  Accordingly, in the absence of any controlling precedent, it follows that the circuit court did not violate clearly established law in ruling the way that it did.

This conclusion is not undermined by the sole case relied on by Petitioner in her petition for writ of certiorari, *McCain v. Florida Power Corp.*, 593 So. 2d 500 (Fla. 1992).  Although the general principles of negligence law discussed in that case have been extended to suits against landowners in certain circumstances,[3] we are not persuaded that those principles are dispositive here because Petitioner did not allege that Respondents' actions caused damage to anything other than the tree whose encroaching roots Ms. Ryan undisputedly had a right to cut,[4] and a rule imposing liability for causing any damage to the tree in these circumstances would effectively eviscerate that right.

---

neighbor's tree must use reasonable care so as not to cause damage to the neighbor's property) *and Fliegman v. Rubin*, 781 N.Y.S.2d 624 (N.Y. Sup. Ct. App. Term 2003) (table) (holding that "an adjoining landowner's right to engage in self-help [by cutting encroaching tree roots] 'does not extend to the destruction or injury to the main support system of the tree'" (quoting 1 N.Y. Jur 2d, Adjoining Landowners § 57)) *and Booska v. Patel,* 30 Cal. Rptr. 2d 241, 245 (Cal. Ct. App. 1994) (holding that landowner had a duty to act reasonably when cutting encroaching roots from a tree on his neighbor's property).

[3]  *See*, *e.g.*, *Williams v. Davis*, 974 So. 2d 1052 (Fla. 2007); *Whitt v. Silverman*, 788 So. 2d 210 (Fla. 2001).  *Accord Hardin v. Jacksonville Terminal Co.*, 175 So. 226, 228 (Fla. 1937) (explaining that "there is no liability on the part of a landowner to persons injured outside his lands . . . unless the owner has done or permitted something to occur on his lands which he realizes or should realize involves an unreasonable risk of harm to others outside his land").

[4]  Whether and how the general principles of negligence discussed in *McCain* and its progeny would apply if Respondents' actions were alleged to have caused damages to persons or

## Conclusion

For the reasons stated above, the petition for writ of certiorari is DENIED.

WOLF and LEWIS, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

Barbara Balzer, pro se, Petitioner.

Elwin R. Thrasher, III, Tallahassee, for Respondents.

––––––––––––––––

property *other than the tree* is a different issue that is not presented in this case.