LAMBERT, J.
Petitioner, Kenneth R. McCormick, appearing pro se, seeks second-tier certiorari review of a final order entered by the circuit court in its appellate capacity summarily affirming a county court final judgment for damages entered against him and in favor of Respondent, Makram Salfity.[2] Based upon our limited scope of second-tier certiorari review, we deny the petition.
*1198 The case began in county court, where Respondent sued Petitioner in negligence for water damage to his condominium unit caused by the failure of a hot water heater in Petitioner's unit, which is situated directly above Respondent's. A bench trial was held, and the county court judge found the evidence "virtually undisputed" that the damage to Respondent's unit was caused by flooding from Petitioner's water heater. The court then analyzed the trial evidence under "negligence principles" and entered final judgment in favor of Respondent in the sum of $ 2690.93.
Petitioner appealed the judgment to the circuit court. In its final order summarily affirming the final judgment without elaboration, the circuit court indicated that it had reviewed and considered the parties' briefs, as well as the record on appeal, which included the county court's approved statement of the evidence.[3] Petitioner timely filed a notice appealing the circuit court's order, which this court treated as a petition for writ of certiorari.[4]
"In conducting a 'second-tier' [certiorari] review a district court of appeal must determine whether the circuit court afforded procedural due process and whether it applied the correct law." State Farm Fla. Ins. Co. v. Unlimited Restoration Specialists, Inc. , 84 So.3d 390, 393 (Fla. 5th DCA 2012) (citing Broward Cty. v. G.B.V. Int'l, Ltd. , 787 So.2d 838, 843 (Fla. 2001) ). In this case, the circuit court clearly provided procedural due process. Our focus is thus confined to whether the circuit court applied the correct law, which is synonymous with "observing the essential requirements of law," Haines City Cmty. Dev. v. Heggs , 658 So.2d 523, 530 (Fla. 1995) (citing Manatee Cty. v. Kuehnel , 542 So.2d 1356, 1358 (Fla. 2d DCA 1989) ), with its summary affirmance. Accordingly, second-tier certiorari relief is appropriate here only if the circuit court's final order "departed from the essential requirements of law," which would necessitate our finding that its decision "violated a clearly established principle of law resulting in a miscarriage of justice." Stamitoles v. State , 44 Fla. L. Weekly D891, D892, --- So.3d ----, 2019 WL 1498271 (Fla. 1st DCA Apr. 5, 2019) (quoting Custer Med. Ctr. v. United Auto. Ins. Co. , 62 So.3d 1086, 1092 (Fla. 2010) ; Balzer v. Ryan , 263 So.3d 189, 190 (Fla. 1st DCA 2018) ).
The pro se Petitioner's filings in our court indicate that he is treating the present proceeding as an opportunity to reargue legal errors allegedly committed by the lower courts, as well as the insufficiency of the trial evidence. However, "[s]econd-tier certiorari is not a second appeal; it is extraordinarily limited, and narrow in scope." State Farm Mut. Auto. Ins. Co. v. Pembroke Pines MRI, Inc. , 171 So.3d 814, 816 (Fla. 4th DCA 2015) (quoting Advanced Chiropractic & Rehab. Ctr. Corp. v. United Auto Ins. Co. , 103 So.3d 866, 868 (Fla. 4th DCA 2012) ). For example, mere legal error in a county court's decision does not itself justify second-tier certiorari relief. Stamitoles , 44 Fla. L. Weekly at D892 (citing State Farm Auto Ins. Co. v. CC Chiropractic, LLC , 245 So.3d 755, 758-59 (Fla. 4th DCA 2018) (recognizing that even if the county court's decision contained legal errors, "the circuit court's per curiam affirmance was not a violation of a clearly established principle of law resulting in a miscarriage of justice *1199 so as to permit our review by second-tier certiorari")). Additionally, a district court in its second-tier certiorari review capacity cannot second-guess the circuit court as to whether the county court's decision was supported by competent substantial evidence. Cf. Bencivenga v. Osceola Cty. , 140 So.3d 1035, 1036 (Fla. 5th DCA 2014).
Applying these principles, we deny the amended petition for second-tier certiorari review. Petitioner has not shown that the circuit court's summary affirmance of the county court's final judgment violated a clearly established principle of law resulting in a miscarriage of justice. See Custer , 62 So.3d at 1092.
AMENDED PETITION FOR WRIT OF CERTIORARI DENIED.
WALLIS and GROSSHANS, JJ., concur.

Respondent also appears in this proceeding without counsel.

There was no transcript of the trial. The approved statement of the evidence was submitted and approved consistent with Florida Rule of Appellate Procedure 9.200(b)(5).

Petitioner was later ordered by this court to file an amended petition for writ of certiorari together with an appendix, which he did.